## THORNLEY v. UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

Argued January 13, 1885.—Decided February 2, 1885.

Officers on the Retired List of the Navy are not entitled to longevity pay.

The appellant brought this suit against the United States to recover a balance due him, as he contended, on his pay as an officer of the navy. His petition alleged that, on September 1, 1855, he was commissioned a surgeon in the navy; that on June 1, 1861, while he still held the grade or rank of surgeon, he was, by order of the Secretary of the Navy, issued by direction of the President, placed on the retired list, in accordance with the provisions of § 3 of the act of Congress approved February 21, 1861, 12 Stat. 150, by reason of incapacity for further service at sea, but that for some years after said retirement he was assigned to and performed active duty; that by § 3 of the act of Congress approved July 15, 1870, 16 Stat. 333, the sea-pay of an officer on the active list of the navy of the grade or rank held by the appellant at the time of his retirement was fixed, for the first five years from the date of commission, at $2,800 per annum; for the second five years from the date of commission, at $3,200 per annum; for the third five years from the date of commission, at $3,500 per annum; for the fourth five years from the date of commission, at $3,700 per annum; and after twenty years from the date of commission, at $4,200 per annum.

The petition further alleged that § 1 of the act of Congress approved March 3, 1873, 17 Stat. 547, fixed the pay of officers of the navy, who were then or might thereafter be retired on account of incapacity, resulting from sickness or exposure in the line of duty, at seventy-five per cent. of the sea-pay of the grade or rank which they held at the time of their retirement; that the act of Congress approved April 7, 1882, 22 Stat. 41, entitled "An Act for the relief of Medical Director John Thornley, United States Navy," the appellant, directed that he be considered as having been retired from active service as a

surgeon and placed on the retired list of officers of the navy, June 1, 1861, on account of physical incapacity originating in the line of duty, and that he be paid accordingly.

The petition also referred to § 1 of the act approved August 5, 1882, 22 Stat. 286, which provided that all officers of the navy should " be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer army or navy, or both, and receive all the benefits of such actual service, in all respects, in the same manner as if said service had been continuous in the regular navy."

The petition further alleged that the appellant, under a proper construction of said acts, should have received pay since March 3, 1873, at the following rates, to wit: from March 3, 1873, to September 1, 1875, $2,775 per annum, or seventy-five per centum of the sea-pay of a surgeon on his fourth lustrum from the date of his commission; and from September 1, 1875, to the time of filing his petition, $3,150 per annum, or seventy-five per centum of the sea-pay of a surgeon after twenty years from the date of his commission; that such pay had been wrongfully withheld from him, and he had only been paid since March 3, 1873, at the rate of $2,400 per annum. The petitioner, therefore, demanded judgment for $6,343.67.

The findings of fact made by the Court of Claims, January 29, 1883, were as follows: " On the 3d of September, 1855, the petitioner was commissioned a surgeon in the navy. On the 1st of June, 1861, on account of physical incapacity to perform further service at sea, he was placed on the retired list as a surgeon, under § 3 of the act of February 21, 1861, 12 Stat. 147, 150. From March 3d, 1873, to November 16, 1882, he was paid at the rate of $2,400 per annum, but the accounting officers of the treasury have refused to allow him any more than that amount."

From these facts the court deduced the conclusion of law, that the petitioner was not entitled to recover, and dismissed his petition. From this judgment the petitioner appealed.

*Mr. John Paul Jones* and *Mr. Robert B. Lines* for appellant.

*Mr. Solicitor-General* for appellee.

MR. JUSTICE WOODS delivered the opinion of the court. He recited the facts as above stated, and continued:

It is not seriously contended that § 1 of the act of August 5, 1882, referred to in this petition, has any application to the case. The controversy arises upon § 3 of the act of July 15, 1870, 16 Stat. 321, entitled "An Act making appropriations for the naval service for the year ending June 30, 1871, and for other purposes," and the second clause of § 1 of the act of March 3, 1873, entitled "An Act making appropriations for the naval service for the year ending June 30, 1874, and for other purposes," 17 Stat. 547. These sections have been reproduced in the Revised Statutes, and read as follows, respectively:

"SEC. 1556. The commissioned officers and warrant officers on the active list of the navy of the United States, and the petty officers, seamen, ordinary seamen, firemen, coal-heavers, and employés in the navy shall be entitled to receive annual pay at the rates herein stated, after their respective designations: The admiral, thirteen thousand dollars; . . . surgeons, paymasters and chief engineers, who have the same rank with paymasters during the first five years after date of commission, when at sea, two thousand eight hundred dollars; on shore duty, two thousand four hundred dollars; on leave or waiting orders, two thousand dollars; during the second five years after such date, when at sea, three thousand two hundred dollars; on shore duty, two thousand eight hundred dollars; on leave or waiting orders, two thousand four hundred dollars; during the third five years after such date, when at sea, three thousand five hundred dollars; on shore duty, three thousand two hundred dollars; on leave or waiting orders, two thousand six hundred dollars; during the fourth five years after such date, when at sea, three thousand seven hundred dollars; on shore duty, three thousand six hundred dollars; on leave or waiting orders, two thousand eight hundred dollars; after twenty years from such date, when at sea, four thousand two hundred dollars; on shore duty, four thousand dollars; on leave or waiting orders, three thousand dollars.

\*      \*      \*      \*      \*      \*

"Sec. 1588. The pay of all officers of the navy who have been retired after forty-five years' service · after reaching the age of sixteen years, or who have been or may be retired after forty years' service, upon their own application to the President, or on attaining the age of sixty-two years, or on account of incapacity resulting from long and faithful service, from wounds or injuries received in the line of duty, or from sickness or exposure therein, shall, when not on active duty, be equal to seventy-five per centum of the sea-pay provided by this chapter for the grade or rank which they held, respectively, at the time of their retirement. The pay of all other officers on the retired list shall, when not on active duty, be equal to one-half the sea-pay provided by this chapter for the grade or rank held by them, respectively, at the time of their retirement."

§ 1 of the act of March 3, 1873, upon which § 1588 is · based, also provided that no officer on the retired list of the navy should be employed on active duty except in time of war. This provision is now reproduced in § 1462 Revised Statutes.

The contention of the appellant is that upon these enactments he is entitled to what is known as "longevity pay." The contention of the United States is that longevity pay is only given to officers on the active list of the navy, and not to retired officers, to which latter class the appellant belongs.

Where the meaning of a statute is plain it is the duty of the courts to enforce it according to its obvious terms. In such a case there is no necessity for construction. *Benton* v. *Wickwire*, 54 N. Y. 226; *Woodbury* v. *Berry*, 18 Ohio St. 456; *Bosley* v. *Mattingly*, 14 B. Mon. 89; *Ezekiel* v. *Dixon*, 3 Georgia, 146; *Farrel Foundry* v. *Dart*, 26 Conn. 376; *Sussex Peerage Case*, 11 Cl. & Fin. 85, 143; Bishop on the Written Laws, § 72. Applying this rule, we are of opinion that the case of the appellant finds no support in any act of Congress.

The effect of the act for the relief of the appellant referred to in his petition was simply to allow him the rate of pay of the grade in which he was retired, prescribed by § 1588 of the Revised Statutes, for officers retired on account of incapacity

resulting from long and faithful service, from wounds or injuries received in the line of duty, or from sickness or exposure therein. It placed him on the same footing in respect of his pay, and no other, as § 1588 placed the retired officers therein mentioned.

There have been but three acts of Congress giving longevity pay to officers of the navy. The first was the act of March 3, 1835, 4 Stat. 755, by which longevity pay was given to surgeons only. At that time retired officers were unknown to the navy. The second was the act of June 1, 1860, 12 Stat. 23, which gave it to commanders, lieutenants, surgeons, engineers, pursers, boatswains, gunners, carpenters and sailmakers, when on duty at sea; and the third was the act of July 15, 1870, which gave it generally to officers on the active list of the navy, including surgeons.

By no act, therefore, since the foundation of the government, has Congress ever given longevity pay to officers of the navy, except those on duty at sea, or on the active list of the navy; and the statute book is now bare of any enactment which awards to any officer of the navy, not on the active list, any increase of pay for length of service.

The appellant seeks to find a reversal of this persistent policy of Congress, in respect to the pay of naval officers, in the expression found in § 1588 of the Revised Statutes, to wit, that "the pay of all officers of the navy, who have been retired, . . . shall, when not on active duty, be equal to seventy-five per centum of the sea-pay provided by this chapter for the grade or rank which they held respectively at the time of their retirement." The contention is that by these words Congress intended to give, in this roundabout and indirect manner, longevity pay to the retired officers, which, when dealing directly with the subject, it had uniformly refused to give them. To our minds the section will bear no such construction. Its plain meaning is that the pay of a retired officer shall be three-fourths of the sea-pay to which he was entitled when he was retired. It is contended that, because Congress graduated the pay of officers on the active list by the length of their time of service, officers not on the active list are entitled to the same

increase. But the contrary is the true construction. By omitting retired officers from the class entitled to longevity pay, Congress expressed its purpose not to allow them longevity pay. No other construction can be put upon the law without importing into it words which Congress has left out, namely, that besides the pay to which his grade or rank at the date of his retirement entitled him, the retired officer should also receive, for every period of five years after his retirement, the increased pay allowed officers on the active list. To give the statute this meaning would be legislation and not interpretation.

The case of *United States* v. *Tyler*, 105 U. S. 244, relied on by appellant, brings no support to his suit. The statute allowing longevity pay to officers of the army, § 1262 Rev. Stat., declared that there should be allowed and paid to all officers below the rank of brigadier-general ten per cent. of their current yearly pay for every term of five years' service, but it did not restrict the increased pay to officers in active service. The point on which the case turned was the decision of the court, that an officer of the army, though retired, was still in the service, and he was included in the very terms of the statute allowing the increased pay. The statute on which the appellant relies excludes him by its terms from its benefits.

We are not called on to explain why Congress should apply one rule to the officers of the army and another to the officers of the navy. It is sufficient to say that it has clearly done so. If the law is unequal and unjust, the remedy is with Congress and not with the courts.

*Judgment affirmed.*