Gone, Circuit Judge.
Packham, De Witt & Co., on December 6, 1890, imported into the port of Baltimore, from Hamburg, a lot of empty bottles and demijohns, upon which duty was assessed by the collector at the rate of 40 per centum ad valorem. Paragraphs 108 and 104 of the “Act to reduce the revenue and equalize duties on imports, and for other purposes,” approved October 1, 1890, under which the collector acted, read as follows:
“(103) Green and colored, molded or pressed, and flint and lime glass bottles, holding more than one pint, and demijohns and carboys, (covered or uncovered,) and other molded or pressed, green or colored, and flint or lime bottle glassware, not especially provided for in this act, one cent, per pound. Green and colored, molded or pressed, and flint and lime glass bottles, and vials-holding not more than one pint, and not less than one quarter of a pint, one and one half cents per pound; if holding less than one fourth of a pint, fifty cents per gross.
*580 ‘(104) All articles enumerated in the preceding paragraph, if filled, and not otherwise provided for in this act, and the contents are subject to an ad valorem, rate of duty, or to a rate of duty, based upon the value, the value of such bottles, vials, or other vessels shall be added to the value of the contents, for the ascertainment of the dutiable value of the latter; but if filled, and not otherwise provided for in this act, and the contents are not subject to an ad valorem rate of duty, or to rate of duty based on the value, or are free of duty, such bottles, vials, or other vessels shall pay, in addition to the duty, if any, on their contents, the rates of duty prescribed in the preceding “paragraph; provided, that no article manufactured from glass described in the preceding paragraph shall pay a less rate of duty than forty per centum ad valorem. ”
The specific duty laid by paragraph 103 not amounting in this case to as much as 40 per centum of the value of the importation, the collector assessed the duty at that rate, under the proviso of paragraph 104. Packham, De Witt & Co. claimed that the articles so imported should have been classified as empty bottles and demijohns, dutiable at 1 cent and 1% cents per pound, under paragraph 103, but they paid the duty assessed by the collector under protest. Their claim was sustained by the board of general appraisers, the action of the collector being reversed by it. The collector appealed to the circuit court of the district of Maryland, and that court affirmed the ruling of the board of general appraisers. The collector prayed an appeal from the decision of the circuit court, which was allowed.
By the act of congress alluded to, it is provided “that on and after the sixth day of October, eighteen hundred and ninety, unless otherwise specially provided for in this act, there shall be. levied, collected, and paid upon all articles imported from foreign countries, and mentioned in the schedules herein contained, the rates of duty which are by the schedules and paragraphs respectively prescribed, namely;” and then iollows the many schedules and paragraphs of that act, including 103 and 104, as quoted. It will be observed from this that not only are the “paragraphs,” as such, particularly recognized and numbered, but that congress had a special purpose in so doing, and used the word “paragraph” as synonymous with the word “section.” If we keep this in mind, and give the words of the proviso of paragraph 104 their usual and natural meaning, we will have no difficulty in finding the intention of congress, and in ascertaining the rate of duty imposed on importations of the character mentioned. The supreme court of the United States, in Thornley v. U. S., 113 U. S. 310, 313, 5 Slip. Ct. Rep. 491, say: “Where the meaning of a statute is plain, it is the duty of the courts to enforce it, according to its obvious terms. In such a case there is no necessity for construction.” The same court, in the case of Lewis v. U. S., 92 U. S. 618, 621, said: “Where the language of a statute is transparent and the meaning clear, there is no room for the office of construction. There should be no construction where there is nothing to construe.” U. S. v. Wiltberger, 5 Wheat. 95; Cherokee Tobacco, 11 Wall. 621.
The contention of the appellee is that the proviso to paragraph 104 has no application to paragraph 103, but that it applies only to articles *581 mentioned in that paragraph when “filled,” and that the words “preceding paragraph,” in the proviso, are used to avoid the necessity of repeating all the articles enumerated in paragraph 103, which it is claimed are never subject to an ad valorem rate of duty. It is conceded that the words “preceding paragraph,” when they are used in the first part of paragraph 104, refer to paragraph 103, but it is insisted that the same words when used in the proviso to paragraph 104 allude to that paragraph, and have no application to 103. We do not think this contention can be sustained. It seems impossible to confine the effect of this proviso to the paragraph in which it is found. Paragraph 103 imposes a duty on bottles holding more than one pint, and on demijohns and carboys, and other glassware, not especially provided for, of 1 cent per pound; on bottles holding not more than one pint, and not less than one quarter of a pint, of 1½ cents per pound; if holding less than one fourth of a pint, 50 cents per gross. This duty is imposed on such articles when they are imported empty. Paragraph 104 provides that all articles of glassware enumerated in paragraph 103, if filled, should the contents be subject to an ad valorem rate of duty, that the value of such articles shall be added to the value of the contents, in order to find the dutiable value of the importation, and that the duty shall then be paid on the value so found, according to the rate imposed on such contents. But if the articles are filled, and the contents are not subject to an ad valorem rate of duty, or are free of duty, then such articles, in addition to such duty as may be payable on the contents, shall pay the rate duty prescribed in paragraph 103. It then provides that “no article manufactured from glass, described in paragraph 103, shall pay a less rate of duty than forty per centum ad valorem. ” The two paragraphs, 103 and 104, must evidently be considered together. The words “preceding paragraph,” in the first line of paragraph 104, and also where they are used therein immediately before the word “provided,” must refer to paragraph 103, and the same words in the proviso to paragraph 104 are intended to apply to paragraph 103, and not to any part of the paragraph in which they are found. We think the intention of congress was to impose a duty on the articles mentioned in paragraph 103 that would produce a revenue.amounting to at least 40 per centum ad valorem. If the rates imposed by that paragraph produce a sum equal to or exceeding in amount that arising from a duty of 40 per centum ad valorem on the articles imported, then the provisions of the paragraph are to apply. But if those rates do not produce a duty equal in amount to 40 per centum ad valorem on such articles, then that amount of duty is to be imposed thereon, and the rates mentioned in paragraph 103 are not to apply. We do not think that congress used the„words “preceding paragraph” in the proviso of paragraph 104 as meaning “this paragraph,” nor do we see that the word “paragraph,” where so used, is intended to convey the same meaning as the word “sentence,” when we find it so frequently used in the act mentioned as identical with the word “section.”
For the reason given, we find that there is error in the decree of the circuit court passed on the 9th day of January, 1892, affirming the de *582 cisión of the board of general appraisers made on the 9th day of February, 1891, in the matter of the protest of Packham, De Witt & Co. against the decision of the collector of customs at the port of Baltimore, as to the rate and amount of duties chargeable on certain demijohns and glass bottles, imported December 6, 1890, and it follows that the decree must be reversed, and the cause remanded to the circuit court for the district of Maryland for further proceedings in accordance with this opinion.