### In re SALOMON et al.

(Circuit Court, S. D. New York. March 14, 1893.)

1. CUSTOMS DUTIES—RATE OF DUTY—GLASS BOTTLES.
   Under paragraph 104 of the tariff act of October 1, 1890, which provides that glass bottles filled with an article that pays an ad valorem duty shall pay the same duty as the contents, the dutiable value being ascertained by adding the value of the contents to the value of the bottles, "provided that no article manufactured from glass described in the preceding paragraph shall pay a less rate of duty than forty per centum ad valorem," glass bottles filled with blacking, dutiable at 25 per cent. ad valorem, under paragraph 11, are liable to duty at the rate of 40 per centum ad valorem.

2. SAME—CONSTRUCTION OF LAWS.
   The words "preceding paragraph," as used in such proviso, do not refer exclusively to paragraph 103; and, whether or not they include 103, they do apply to 104. Marine v. Packham, 52 Fed. Rep. 579, distinguished.

Appeal by Importers from the Decision of the United States Board of General Appraisers affirming a decision of the collector of the Port of New York. Affirmed.

W. Wickham Smith, for appellants.

Thomas Greenwood, Asst. U. S. Atty., for collector.

COXE, District Judge. In March, 1892, the appellants imported a quantity of merchandise consisting of green or colored, molded or pressed, flint or lime glass bottles filled with blacking. Duty was assessed upon the blacking at the rate of 25 per centum ad valorem (paragraph 11 of the act of October 1, 1890) and on the bottles at the rate of 40 per centum ad valorem under the proviso of paragraph 104 of the same act, which is as follows:

"All articles enumerated in the preceding paragraph, [among the articles so enumerated are glass bottles similar to those imported by the appellants,] if filled, and not otherwise provided for in this act, and the contents are subject to an ad valorem duty, or to a rate of duty based upon the value of the value of such bottles, vials, or other vessels shall be added to the value of the contents for the ascertainment of the dutiable value of the latter; but if filled, and not otherwise provided for in this act, and the contents are not subject to an ad valorem rate of duty, or to a rate of duty based upon the value, or are free of duty, such bottles, vials, or other vessels shall pay, in addition to the duty, if any, on their contents the rates of duty prescribed in the preceding paragraph: provided, that no article manufactured from glass described in the preceding paragraph shall pay a less rate of duty than forty per centum ad valorem."

Paraphrased to fit the facts of this case, paragraph 104 would read as follows:

"Green, etc., glass bottles, when filled with something that pays an ad valorem duty, shall pay the same duty as the contents, the dutiable value being ascertained by adding the value of the contents to the value of the bottles: provided, that no ·glass bottle shall pay less than forty per centum ad valorem."

The appellants insist that their bottles should pay but 25 per centum because their blacking pays only at that rate. I do not so understand the law. Paragraph 103 describes well-known articles of glassware, and, when they are empty, imposes a specific duty upon them. Paragraph 104 deals with the same articles when filled. It is manifest that if filled with some substance paying a low rate of duty ad valorem the bottles described in 103 would come in under the same low rate. Designing men could thus evade the provisions of the law. To guard against this contingency congress inserted the proviso, intended to prevent importers from avoiding the payment of duties which should approximate those of 103 by filling the bottles and importing them under 104. It is as if the proviso read:

"Provided that no article described in paragraph 103 shall, under the provisions of 104, avoid the payment of adequate duties, for all such articles when assessed with an ad valorem duty shall pay at least forty per centum."

It is argued that the proviso applies exclusively to paragraph 103. What possible reason can be suggested for placing a proviso at the end of paragraph 104 which was only intended to apply to 103? Why was it not placed at the end of 103? I have examined Marine v. Packham, 52 Fed. Rep. 579. The precise question there was whether the proviso applies to 103. The majority of the court held that it does. Whether it does or not is a question not involved in this controversy. The sole question here is, does the proviso apply to paragraph 104, a question not involved in Marine v. Packham. I am clearly of the opinion that the proviso does apply to 104.

The decision of the board was right, and should be affirmed.