In re SMITH, Surveyor of Customs.

(Circuit Court, S. D. Ohio, W. D. April 14, 1893.)

No. 4,488.

CUSTOMS DUTIES—BAR BOTTLES—EVIDENCE.

Hollow, translucent vessels, molded from glass, and etched with fluoric acid, representing female figures, the head separable from the body, and fitting closely on a narrow neck, so as to form a stopper, of the capacity of 7½ and 18⅛ fluid ounces, respectively, and used as bar bottles, are dutiable as "bottles," under Act Cong. Oct. 1, 1890, (Supp. Rev. St. U. S. [2d Ed.] p. 817,) par. 103, and not as "pressed glassware," under paragraph 105; nor are they dutiable under paragraph 106, which does not include "etched" glassware in its enumeration of ornamental glassware.

At Law. Appeal by the surveyor of customs from decision of the board of general appraisers. Affirmed.

John W. Herron, for appellant.
Wright & Wright, for appellee.

SAGE, District Judge. This case is before the court upon the application of the surveyor and acting collector of customs, Cincinnati, Ohio, for a review of the decision of the board of general appraisers, rendered the 22d of October, 1891, in the matter of the protest of Mihalovitch, Fletcher & Co. against the decision of the surveyor of customs at Cincinnati, Ohio, as to the rate and amount of duties chargeable on certain fancy flint glass bottles imported per Lady Palmer, July 7, 1891.

The merchandise in question was classified as "flint-glass ware," under paragraph 105, Act October 1, 1890, (2d Ed., Supp. Rev. St. U. S. p. 817,) and duty was assessed upon it at 60 per cent. ad valorem. It appears from the opinion of the general appraisers that the claim of the importers was that the articles were bottles, subject to duty under the provisions of paragraph 103. The general appraisers, upon an examination of samples of the articles, found that they were hollow vessels molded from flint glass, translucent, and of two designs,—one, of the capacity of less than one pint, and more than one quarter of one pint, representing a scantily-attired female, standing erect, the head separable from the body, and fitting closely on a narrow neck attached thereto, thus forming a cover or stopper therefor; the other, of the capacity of more than one pint, representing a woman clothed, and in a sitting position. This article was accompanied by a small bamboo rocking chair, in which the figure was to be placed. The rocking chair was separately invoiced and rated for duty. The head of this figure also formed a stopper therefor. The appraisers, upon an inspection of these articles, decided that they were designed for holding liquids, and that they were flint-glass bottles of the capacity of 7½ and 18½ fluid ounces, respectively, dutiable under the appropriate provisions of paragraph 103. They therefore sustained the protest. The surveyor of customs prays for the reversal of the decision of the board of general appraisers, and that the assessment of 60 per cent. ad valorem, under paragraph 105, be affirmed.

No testimony was presented, either to the surveyor of customs at Cincinnati, or to the general appraisers. Upon the hearing before this court, witnesses were, by consent, examined; and the United States appraiser at Cincinnati, who was for many years before entering upon the duties of his office a wholesale druggist, testifies that the commercial designation of the articles in question is glassware, or bar ornaments, and that they were not, as a matter of fact, used for holding liquor. Upon an inspection of the articles it appears that the neck of the body of each, upon which the head may be fitted, is a hollow cylinder, in which a cork may be inserted as a stopper, and that it does not differ in shape from the neck of a bottle. A dealer in glassware and bottles, of 30 years' experience, testified that he had dealt in bottles of similar character, and that they were called "bar bottles;" that he had seen them filled with liquor, but that they were not suitable for carrying about. A druggist of 56 years' experience testified that he did not know the trade designation, but that in his opinion they were not bottles. A wholesale dealer in glassware testified that he had always regarded articles such as those in question as bar ornaments, not as bottles. These were

the witnesses examined on behalf of the surveyor. Mihalovitch, of the firm of Mihalovitch, Fletcher & Co., testified that he had been a dealer in liquors about 20 years; that the order in this case was for bottles, from Germany; that the commercial designation of the articles in question was "fancy bottles;" and that his firm had been in the habit of filling and shipping them from Cincinnati all over the United States. Another wholesale dealer testified that they were known to the trade as "fancy bottles," and had long been known as such; and that among his earliest recollections was that of seeing one representing Napoleon Bonaparte. The testimony, so far as it is an expression of the opinion of the witnesses whether the articles are bottles or ornaments, is hardly competent. It is competent to prove what is the commercial designation, known to the trade, of the merchandise in question. But that is quite different from the expression of an opinion by a witness that the article falls within or without the class claimed, because that is a question for the jury or for the court. Greenleaf v. Goodrich, 101 U. S. 278; Wills v. Russell, 100 U. S. 621; Recknagel v. Murphy, 102 U. S. 197. The weight of the testimony of these witnesses is in favor of the conclusion reached by the general appraisers.

The application for review makes the claim that a duty of 60 per centum ad valorem should be assessed under the following provisions of paragraph 105: "Flint and lime pressed glassware, not cut, engraved, painted, etched, decorated, colored, printed, stained, silvered, or gilded." But these articles are not pressed glassware; they are molded, which brings them within an express provision of paragraph 103. The claim was made upon the hearing that, if they did not come within the provisions of paragraph 105, they did fall within the provisions of paragraph 106, which includes "all articles of glass, cut, engraved, painted, colored, printed, stained, decorated, silvered, or gilded, not including plate glass silvered or looking-glass plates." But it appears from the testimony of the United States appraiser as well as for an inspection of the articles, that they are etched,—the appraiser testifies,—by the use of fluoric acid. They are therefore expressly excluded from the operation of paragraph 106, which does not mention etched glass. The application, whether it be considered upon the testimony, or upon the construction of the paragraphs referred to, must be denied, and the entry will be accordingly.