SMITH, Surveyor of Customs, v. MIHALOVITCH et al.

(Circuit Court of Appeals, Sixth Circuit. April 3, 1894.)

No. 119.

1. CUSTOMS DUTIES—CLASSIFICATION—GLASS BOTTLES.
   Flint-glass bottles, molded, and holding more than one pint, are dutiable at one cent per pound, under paragraph 103 of Act Oct. 1, 1890, and not at 60 per cent., under paragraph 105.

2. APPEAL—MATTER NOT APPARENT ON RECORD.
   The provision of paragraph 104 of Act Oct. 1, 1890, that certain glassware shall not pay a less duty than 40 per cent. ad valorem, cannot be applied on appeal where the record does not show that the duty imposed is less than that rate.

In Error to the Circuit Court of the United States for the Western Division of the Southern District of Ohio.

In June, 1891, the defendants in error, Mihalovitch, Fletcher & Co., imported from Germany, through the port of New York, certain flint glassware, claimed by them to be bottle glassware. The merchandise was forwarded in bond to the custom house in Cincinnati, where the acting surveyor of customs assessed it for duty at 60 per cent. ad valorem, under paragraph 105 of the act of October 1, 1890. To this action of the surveyor the importers duly protested, claiming said assessment to be illegal, and insisting that the duty should have been assessed under paragraph 103 of said act, and asking to have $108.75, so illegally assessed, refunded. The importers appealed from the action of the surveyor at Cincinnati to the board of general appraisers at New York, under the act of June 10, 1890. In October, 1891, that board filed a decision sustaining the protest of the importers, and found the articles imported to be flint-glass bottles, under paragraph 103 of the act above cited, and to be dutiable at one cent per pound. Under the provisions of section 15 of the

act of June 10, 1890, the surveyor of customs, through John W. Herron, district attorney, filed his application in the circuit court of the United States for the southern district of Ohio, in October, 1891, asking that court to reverse the decision of said board of general appraisers. At the April term, 1892, of said court, the case was heard upon the issues made by the protest of the importers and the application of the surveyor of customs and the evidence of the parties, and thereupon, after due consideration, the circuit court affirmed the decision of the said board, and dismissed the surveyor's application. From this order a writ of error was taken to this court.

John W. Herron, U. S. Dist. Atty., and Henry Hooper, Asst. U. S. Dist. Atty., for plaintiff in error.

Wright & Wright, for defendants in error.

Before TAFT and LURTON, Circuit Judges, and RICKS, District Judge.

RICKS, District Judge (after stating the facts as above). When this case was tried in the circuit court, the question was whether the articles imported should be classified under paragraph 103, or paragraph 105, of the act of October 1, 1890. Paragraph 103, under which the importers claim, reads as follows:

"Green and colored, molded or pressed, flint and lime glass bottles, holding more than one pint, * * * and other molded or pressed, green and colored, and flint or lime glass bottle ware, not specially provided for in this act, one cent per pound."

Paragraph 105 reads as follows:

"Flint and lime pressed glassware, not cut, engraved, painted, etched, decorated, colored, printed, stained, silvered or gilded, sixty per cent. ad valorem."

The circuit court found that "these articles are not pressed glassware. They are molded, which brings them within an express provision of paragraph 103." We agree with this conclusion of the circuit court for the reasons stated in the opinion filed in the cause. 55 Fed. 476. The district attorney now insists that if the judgment of the circuit court is affirmed, and the articles are to be classified under paragraph 103, then they are dutiable at the rate of 40 per cent. ad valorem, under the last clause of paragraph 104, which reads:

"No article manufactured from glass described in the preceding paragraph shall pay a less rate of duty than forty per cent. ad valorem."

But the record does not contain the evidence to enable or justify us in applying this clause of paragraph 104 to the case as presented, because it nowhere appears that the duty imposed in this case was less than 40 per cent. of the value of the importation. The judgment of the circuit court is therefore affirmed.

NOTE. See Marine v. Packham, 3 C. C. A. 210, 52 Fed. 579.