UNITED STATES v. HENSEL et al.

(Circuit Court of Appeals, Second Circuit. January 4, 1901.)

No. 34.

TARIFF DUTIES—BOTTLES.

Tariff Act 1897, par. 99, provides that glass bottles "filled or unfilled, * * * and whether their contents be dutiable or free (except such as contain merchandise subject to an ad valorem rate of duty, * * * which shall be dutiable at the rate applicable to their contents) shall pay duty as follows: If holding more than one pint, one cent per pound; if holding not more than one pint, * * * one and one-half cents per pound: * * * provided, that none of the above articles shall pay a less

rate of duty than 40 per centum ad valorem." *Held*, that the proviso applies as well to bottles containing merchandise subject to an ad valorem duty as to others.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the circuit court, Southern district of New York, reversing a decision of the board of general appraisers which affirmed a decision of the collector of the port of New York touching the rate of duty to be paid on certain glass bottles filled with medicinal preparations.

Chas. D. Baker, for the United States.

Everit Brown, for appellee.

Before LACOMBE and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The importation was under the tariff act of 1897, which imposed a duty of 25 per cent. ad valorem upon the medicinal preparations which the bottles contained. The question presented is whether the bottles shall pay duty at 25 per cent., the rate prescribed for their contents, or at 40 per cent., the rate prescribed in the last clause of paragraph 99 of said act. The whole paragraph reads as follows:

"Par. 99. Plain green or colored, molded or pressed, and flint, lime, or lead glass bottles, vials, jars, and covered or uncovered demi-johns and carboys, any of the foregoing, filled or unfilled, not otherwise specially provided for, and whether their contents be dutiable or free (except such as contain merchandise subject to an ad valorem rate of duty, or to a rate of duty based in whole or in part upon the value thereof, which shall be dutiable at the rate applicable to their contents) shall pay duty as follows: If holding more than one pint, one cent per pound; if holding not more than one pint and not less than one-fourth of a pint, one and one-half cents per pound; if holding less than one-fourth of a pint, fifty cents per gross: provided, that none of the above articles shall pay a less rate of duty than forty per centum ad valorem."

The question presented is whether the proviso qualifies the "plain," etc., "* * * glass bottles," which by the use of the word "such" are enumerated in the excepting clause, inclosed in parentheses. The board of appraisers held that it did. The judge who heard the cause at circuit reached the conclusion that such "construction contradicts the exception, which seems to place a special duty upon this kind of bottles when filled with dutiable contents, the same as that upon the contents, by making that upon the bottles different from that on the contents. The exception is out of the whole paragraph and leaves the proviso to operate upon the rest. This gives effect to the whole." We are unable to concur in this conclusion. If it be said that the excepting clause places a special duty upon this kind of bottles when filled, it may equally be said that the main body of the paragraph places a special duty upon the same kind of bottles when empty, and there is no apparent reason why the proviso should not be taken to qualify both classes. If the exception in the parentheses had merely excepted the same kind of bottles from duty under paragraph 99, leaving them to be found classified for duty under some other paragraph, it might be said that the exception is out of the

whole paragraph, and the proviso be held to qualify only what is left. But the clause in parentheses does not take the articles therein named out of the whole paragraph, but only out of the enumeration preceding the parentheses, and thereupon proceeds to lay a rate of duty (in the same paragraph) upon the bottles thus segregated from the others. The paragraph lays (1) a specific duty, varying with their size, upon bottles which are empty, or filled with free goods or with goods upon which the tariff lays a specific duty; and (2) an ad valorem duty, varying with their contents, upon bottles which are filled with goods upon which the tariff lays an ad valorem duty. It would seem to be a reasonable construction of the proviso, "that none of the above articles shall pay a less rate of duty than forty per centum ad valorem," to hold that it qualifies both classes of bottles which the paragraph subjects to duty. This construction seems to harmonize with the history of the paragraph. The tariff act of 1890 contained two paragraphs, one dealing with empty bottles, the other with filled ones, as follows:

"(103) Green, and colored, molded or pressed, and flint, and lime glass bottles, holding more than one pint, and demijohns, and carboys (covered or uncovered), and other molded or pressed green and colored and flint or lime bottle glassware, not specially provided for in this act, one cent per pound. Green, and colored, molded or pressed, and flint, and lime glass bottles, and vials holding not more than one pint and not less than one-quarter of a pint, one and one-half cents per pound; if holding less than one-fourth of a pint, fifty cents per gross.

"(104) All articles enumerated in the preceding paragraph, if filled, and not otherwise provided for in this act, and the contents are subject to an ad valorem rate of duty, or to a rate of duty based upon the value, the value of such bottles, vials, or other vessels shall be added to the value of the contents for the ascertainment of the dutiable value of the latter; but if filled, and not otherwise provided for in this act, and the contents are not subject to an ad valorem rate of duty, or to rate of duty based on the value, or are free of duty, such bottles, vials, or other vessels shall pay, in addition to the duty, if any, on their contents, the rates of duty prescribed in the preceding paragraph: provided, that no article manufactured from glass described in the preceding paragraph shall pay a less rate of duty than forty per centum ad valorem."

While this tariff of 1890 was still in force the circuit court in the Southern district of New York construed these sections in Re Salomon (C. C.; 1893) 55 Fed. 285. Judge Coxe, writing the opinion, says:

"Paraphrased to fit the facts of this case, paragraph 104 would read as follows: 'Green,' etc., 'glass bottles, when filled with something that pays an ad valorem duty shall pay the same duty as the contents, the dutiable value being ascertained by adding the value of the contents to the value of the bottles: provided, that no glass bottle shall pay less than forty per centum ad valorem.' The appellants insist that their bottles should pay but 25 per centum because their blacking pays only at that rate. I do not so understand the law. Paragraph 103 describes well-known articles of glassware, and, when they are empty, imposes a specific duty upon them. Paragraph 104 deals with the same articles when filled. It is manifest that, if filled with some substance paying a low rate of duty ad valorem, the bottles described in 103 would come in under the same low rate. Designing men could thus evade the provisions of the law. To guard against this contingency, congress inserted the proviso, intended to prevent importers from avoiding the payment of duties which should approximate those of 103 by filling the bottles and importing them under 104. It is as if the proviso read: 'Provided, that no

articles described in paragraph 103 shall, under the provisions of 104, avoid the payment of adequate duties, for all such articles when assessed with an ad valorem duty shall pay at least forty per centum.' "

In 1892 the circuit court of appeals in the Fourth circuit held in Marine v. Packham, 3 C. C. A. 210, 52 Fed. 579 (Simonton, J., dissenting), that the proviso applied to the empty bottles enumerated in paragraph 103. The Wilson act of 1894 eliminated the clause fixing an ad valorem duty when the contents paid ad valorem, and fixed a specific duty on all bottles, filled or unfilled, and whether their contents were dutiable or free, with no 40 per cent. proviso. Paragraph 99 of the act of 1897 is apparently a return to the scale provided by the two paragraphs of 1890, as construed by the courts. The decision of the circuit court is reversed, and that of the board of appraisers is sustained.