Bakney, J.,
delivered the opinion of the court:
The claimant in this suit has served as a gunnery sergeant in the Marine Corps since June 1, 1899, and the question at issue herein as to his proper rate of pay since the law of May 11, 1908 (35 Stat. L., 106, 109).
The statutes upon whose interpretation this question depends are as follows:
The act of February 27, 1893, making appropriations for the support of the Army (27 Stat. L., 478), provided that “the pay per month of first sergeants shall be twenty-five dollars per month, sergeants eighteen dollars per month, and in both classes the* increase of pay for length of service as now provided by law.”
The grade of gunnery sergeant in the Marine Corps was first established by the Navy personnel act of March 3,1899 (30 Stat. L., 1009), as follows:
“ Seo. 23. That the enlisted force of the Marine Corps shall consist of five sergeant majors, one drum major, twenty quartermaster sergeants, seventy-two gunnery sergeants with the rank and allowance of the first sergeant, and whose pay shall be thirty-five dollars per month; sixty first sergeants ; two hundred and forty sergeants; four hundred and eighty corporals; eighty drummers; eighty trumpeters; and four thousand nine hundred and sixty-two privates.”
The law of May 11, 1908, supra, provides as follows:
“ That hereafter the monthly pay of enlisted men of the Army during their first enlistment shall be as follows, namely: Master electricians, seventy-five dollars; master signal electricians, seventy-five dollars; engineers, sixtv-five dollars; sergeants, first class, Hospital Corps, fifty dollars; regimental sergeants major, forty-five dollars; regimental quartermaster sergeants, forty-five dollars; regimental commissary sergeants, forty-five dollars; sergeants major, senior grade, Coast Artillery, forty-five dollars; battalion sergeants major of engineers, forty-five dollars; post quartermaster sergeants, forty-five dollars; post commissary sergeants forty-five dollars; post ordnance sergeants, forty-five dollars; battalion quartermaster sergeants of engineers, forty-five dollars; electrician sergeants, first class, forty-five dollars; sergeants, first class, Signal Corps, forty-five dollars; first sergeants, forty-five dollars.”
*49 Section 1612 of the Bevised Statutes is as follows:
“ The officers of the Marine Corps shall be entitled to receive the same pay and allowances, and the enlisted men shall be entitled to receive the same pay and bounty for reenlisting, as are or may be provided by or in pursuance of law for the officers and enlisted men ox like grades in the Infantry of the Army.”
It is contended by the defendants that section 1612, while it automatically raises the pay of all other enlisted men of the Marine Corps of like grade to those whose pay is raised by the act of May 11, 1908, supra, does not so raise the pay of gunnery sergeants, because they are a new grade of sergeants, whose base pay in explicit terms is fixed at $35 per month and $10 per month more than first sergeants; and that such construction of the several statutes quoted can only be given upon the theory that the provisions for the rate of pay of gunnery sergeants by the act of March 3, 1899, supra, had been repealed by implication, which, as is said, “can only prevail where a positive irreconcilable repugnancy is found to exist between two or more statutes.”
On the other hand, it is contended by the claimant • that the several statutes quoted, as well as the facts found by the court, show an intention on the part of Congress to raise the monthly pay of gunnery sergeants as well as first sergeants to $45, and that such is the proper construction of the act of May 11, 1908, supra.
It hardly needs citation of authorities to support the rule that where there is any uncertainty or ambiguity in the language of a statute the intent of the legislative body in the enactment of the statute may be examined to determine its construction. It is equally well settled, however, that where the language of a statute is plain and unambiguous there is no room for construction, and it must be interpreted in its natural and obvious sense, or, as it has in substance been said, it is not allowable to interpret what has no need of interpretation or to wrest words- to a contrary meaning. (Sedgwick on Statutory Construction, 190 et seq.; Thomley v. United States, 113 U. S., 310, 313; Rate Refrigerating Co. v. Sulzberger, 157 U. S., 1.) It necessarily follows from the *50 foregoing that when the language of a statute is certain, and unambiguous the intent of the lawmaker can not be sought after aliwnde and determined upon mere conjecture.
When we take into consideration the manifest injustice done to gunnery sergeants in the Marine Corps by the act of May 11, 1908, it may well be believed that Congress intended thereby to raise their monthly pay to $45. The trouble is, however, that such intention is determined from conjecture only because of such injustice. The pay of the Marine Corps is regulated by the laws which govern the pay of the Army, and this is done by the automatic action of section 1612, Eevised Statutes. This section, however, does not perform this function when Congress has made any specific provision for the pay of the Marine Corps or any one of its officers or enlisted men as by section 23 of the act of March 3, 1899, supra, it has done with reference to gunnery sergeants. Section 1612 provides that the officers and enlisted men of the Marine Corps “ shall be entitled to receive the same pay and allowances ” as officers and enlisted men of like grades in the Infantry of the Army. Congress after-wards made an exception in the case of gunnery sergeants, and until this exception is repealed section 1612 will have no control over their pay. Let us see to what an absurdity any other rule of construction would lead us. Suppose section 23 had fixed the monthly pay of gunnery sergeants at $50 instead of $35, would the claimant contend that his monthly pay had been reduced to $45 by the act of May 11,1908 ?
As already stated, the statutes quoted do a great injustice to the gunnery sergeants of the Marine Corps, and an injustice which doubtless Congress never intended, but we are to interpret the law as it is and not as we may merely conjecture it may have been intended to be, and must leave it to the wisdom and beneficence of Congress to make good any injustice which it may have inadvertently done.
Petition dismissed.