BURRILL NATIONAL BANK *vs.* RUBEN EDMINISTER.

Penobscot.   Opinion October 28, 1920.

*Trespass quare clausum under R. S., Chap. 100, Sec. 9.   Mortgagee's title para-*
*mount to that of mortgagor even though not in possession.   Mortgagee is*
*"the owner" within the meaning of the statute.   Double damages.*
*Without evidence of wilfulness verdict for single damages*
*to stand.   An allegation of a greater, ordinarily*
*includes a lesser, liability or breach of duty.*

Under R. S., Chap. 100, Sec. 9 giving to an owner of land a statutory action for
wasteful trespass with double damages if trespass is also wilful, the word
"owner" includes a mortgagee though not in possession.

In an action under R. S., Chap. 100, Sec. 9 for trespass alleged to be wilful, if a
trespass is shown without evidence of wilfulness, a verdict for single damages
rendered upon appropriate instructions will not be set aside on motion.

It is ordinarily true that where an allegation of a greater, properly includes all
the elements of a lesser liability or breach of duty, judgment may be for either
as the evidence warrants.

This is an action of trespass quare clausum brought by the plain-
tiff, mortgagee of the locus, against the defendant to recover the
value of certain shovel handle blocks removed from the locus by
permission of the mortgagor of the land in possession, having been
severed and piled up on the land by one Card, without the permission,
consent or knowledge of the plaintiff, mortgagee.   Plea, the general
issue, with a brief statement.   The defendant took exceptions to cer-
tain parts of the charge of the presiding Justice to the jury.   Verdict
for plaintiff for $14.21, and the case went to the Law Court on defend-
ant's exceptions, and a general motion for a new trial.   Exceptions
overruled.   Motion overruled.

Case stated in the opinion.

*U. G. Mudgett*, for plaintiff.

*B. W. Blanchard*, for defendant.

SITTING:  CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL,
WILSON, DEASY, JJ.

DEASY, J.  Trespass quare clausum.  The scene of the trespass is a lot of woodland in Dixmont.  The parties interested are Burrill National Bank, mortgagee, plaintiff; Reuben Edminister defendant and E. L. Johnson, mortgagor in possession.

In 1916 the defendant who owned a wood-lot adjoining the locus permitted a man named Card to cut timber on his land.  Card went over the line, cut trees on the locus and later seems to have abandoned the operation.  The defendant took possession of the timber which had been cut.  By consent of the mortgagor, but without the license or knowledge of the plaintiff, the defendant took and carried away with the timber on his own land, that which had been cut by Card on the mortgaged premises.  The action is brought under R. S., Chap. 100, Sec. 9 reading as follows:

"Whoever cuts down, destroys, injures or carries away, any ornamental or fruit tree, timber, wood, underwood, stones, gravel, ore, goods or property of any kind, from land not his own, without license of the owner, or injures or throws down any fences, bars or gates, or leaves such gates open, or breaks glass in any building, is liable in damages to the owner in an action of trespass.  And if said acts are committed wilfully or knowingly, the defendant is liable to the owner in double damages."

The declaration alleges that the trespass was committed knowingly and wilfully.  The defendant however, appears to have had no knowledge of the mortgage.  There is no evidence of wilful trespass.

The presiding Justice left it to the jury to determine whether or not the trespass was committed knowingly or wilfully, and to return either double or single damages as the facts might warrant.  No exception was taken to this part of the charge.  The jury returned a verdict for $14.21 evidently as actual and not double damages.

The only exceptions reserved are to the charge of the presiding Justice that "The owner of the logs for the purpose of this action is the Burrill National Bank" and "that the permission of Johnson given to Mr. Edminister was not sufficient."  What follows in the bill of exceptions is mere repetition.

The second instruction above quoted is a corollary of the first.  If the first is correct, the other is sound.  The first is clearly correct.

It is true that the mortgagor is commonly and correctly referred to as "the owner."  The word owner is frequently used in contradistinction to mortgagee.  The mortgagor is the owner except in

those situations wherein the paramount title of the mortgagee is involved. It has been held by the Federal Court that a mortgagee out of possession is not an owner within the meaning of the Maine lien law. *Allis-Chalmers Co.* v. *Bank,* 190 Fed., 700.

But the question we are considering is the meaning of the word "owner" as it is employed in R. S., Chap. 100, Sec. 9.

The mortgagee as between the parties is the holder of the legal title. This has been repeatedly so held in this jurisdiction. *Blaney* v. *Bearce,* 2 Maine, 137; *Stowell* v. *Pike,* 2 Maine, 389; *Leavitt* v. *Eastman,* 77 Maine, 119; *Hawes* v. *Nason,* 111 Maine, 195. It is not inappropriate to call him owner who holds the legal title.

The mortgagee out of possession it is true, has no action for mere wrongful entry on the mortgaged premises. *Look* v. *Norton,* 94 Maine, 550.

But for acts of trespass which injure the freehold and impair the security, in short for acts of trespass like those described in the statute under consideration, the mortgagee though out of possession may at common law maintain trespass quare clausum. *Smith* v. *Goodwin,* 2 Maine, 175; *Stowell* v. *Pike,* 2 Maine, 387; *Leavitt* v. *Eastman,* 77 Maine, 119; *Vehue* v. *Mosher,* 76 Maine, 469.

Such action by a mortgagee may be maintained against one who takes away trees or other fixtures wrongfully severed from the freehold by another hand. *Woodruff* v. *Halsey,* 8 Pick., 333. A literal reading of the statute leads also to this conclusion. The language is "injures or carries away" &c.

It must be assumed that the Legislature intended not to limit, but rather to extend and enlarge liability for wasteful trespass i. e. for acts of trespass like those specified in the statute. Before the enactment of the statute a mortgagee had a remedy for such trespasses. In affirming and enlarging the remedy for wasteful trespass, it is reasonable to believe that the Legislature did not mean to exclude mortgagees.

The exceptions must be overruled.

Presumably under the motion, as no exception touches the point, it is contended that the defendant having been charged with trespassing wilfully and knowingly, these elements not being proved, is entitled to have the plaintiffs verdict set aside notwithstanding that a trespass is clearly shown.

The case was tried on its merits.  No exceptions were reserved to the admission or exclusion of testimony, or to the charge of the presiding Justice, except as to the definition of the word "owner" as used in the statute.

The jury returned a verdict for actual damages which verdict is supported by evidence.  Substantial justice has been done.  It is too late after verdict to raise the objection that the declaration is redundant.  *Winslow* v. *Bank*, 26 Maine, 10; *Raymond* v. *County Commrs.*, 63 Maine, 110; *Kelsey* v. *Irving*, 118 Maine, 307.

Moreover the verdict for actual damages is supported by the pleadings.  It is ordinarily true that when a charge of a greater, properly contains all the elements of a lesser liability or breach of duty, judgment may be for either as the evidence warrants.

This principle has been applied by other courts in the interpretation of statutes substantially like that of Maine.  "It (statute providing double damages for certain trespasses) only affects the rule for assessing damages."  *Fairfield* v. *Burt*, 11 Pick., 246.

"It is not an objection to his recovery of single damages that the complaint goes upon the statute of willful trespass."  Head note to *Dubois* v. *Beaver*, 25 N. Y., 123.

"The objection that since there was no count demanding other than treble damages, no recovery could therefore be allowed unless the facts authorized one for treble damages, is not a valid one." *Clark* v. *Field*, 42 Mich., 346.

"Failing to show an intentional or wanton conversion of his property, such as would entitle him to the increased damages, but showing a conversion in law, why may he not recover the damages sustained, as in an ordinary action of trover?  We surely can see no objection to his doing so."  *Cohn* v, *Neeves*, 40 Wis., 401.

It is urged that Section 9 is a consolidation of two statutes enacted at different times, one affirming and the other extending the common law and that the sections should be construed as though such consolidation had not taken place.

But Section 9 is plain.  If we read the section without reference to its history and development, we are left in no doubt that the last sentence relates only to the assessment of damages.

A statute which within itself is clear should be construed as it reads.  Resort may be and should be had to the genesis and evolution

of statutes to explain, but not to discover ambiguities. *Thornley* v. *U. S.*, 113 U. S., 310. 28 L. Ed. 999. *U. S.* v. *Musgrave*, 160 Fed., 703; *State* v. *St. Paul*, 81 Minn., 381, 84 N. W., 127. *Tremblay* v. *Murphy*, 111 Maine, 38.

*Exceptions overruled.*
*Motion overruled.*