Hay, Judge,
delivered the opinion of the court:
The plaintiff, an enlisted man in the United States Marine Corps, attended a Marine Corps officers’ training camp at ■Quantico, Va., from May 16, 1918, to August 14, 1918, during which time he received $36 per month, the pay of his grade as corporal, and $3 a month as a sharpshooter. He claims the difference between $100 a month appropriated by the act of June 15, 1911, 40 Stat. 188, for enlisted men of the Army during the fiscal year 1918, when in training for officers of the Reserve Corps and the $36 received by him. He bases his claim on section 1612, Revised Statutes, which provides as follows: “ The officers of the Marine ■Corps shall be entitled to receive the same pay and allowances, and the enlisted men shall be entitled to receive the same pay and bounty for reenlisting, as are or may be provided by or in pursuance of law for the officers and enlisted men of like grades in the Infantry of the Army.”
The plaintiff also cites the act of August 29, 1916, 39 Stat. 614. This act authorizes the Secretary of the Navy to establish and maintain at such places as he may designate Marine Corps training camps for the instruction of *691 citizens of the United States who make application and are designated for such training. As a matter of fact no such training camps for citizens of the United States were ever established by the Secretary of the Navy; and no citizens were ever trained for officers of the Reserve Corps. There was no officers’ reserve corps in the Marine Corps, and the enlisted men of the Marine Corps who were trained at Marine Corps officers’ training camps were trained for commissions in the Marine Corps itself. These Marine Corps officers’ training camps were not established by virtue of the act of August 29, 1916, but were put in operation by a circular letter issued by the Major General Commandant of the Marine Corps and approved by the Secretary of the Navy. Those who were trained in these camps were all enlisted men of the Marine Corps, selected from the Marine Corps under the provisions of the letter above mentioned. They were detailed from the posts and ships to which they were attached and sent to these camps; the training which they received was in effect a part of their duty as enlisted men and was not the result of any specific ■statute, but was a part of the discipline and training which their officers had a right to impose upon them.
By the act of June 3, 1916, 39 Stat. 189, there was established an Officers’ Reserve Corps of the Regular Army, and the Secretary of War was authorized to maintain camps for the practical instruction of the members of the Reserve Officers’ Training Corps, 39 Stat. 193. By the act of May 12, 1917, 40 Stat. *69, money was appropriated to pay such persons as should be designated by the Secretary of War for training as officers in the Army during the period of their training, said persons to be paid a sum not exceeding $100 per month, with the provision that such persons shall .agree to accept appointment in the Officers’ Reserve Corps in such grade as may be tendered by the Secretary of War. By the act of June 15, 1917, 40 Stat. 188, it was provided that enlisted men in training for officers of the Reserve -Corps should receive pay at $100 per month.
The Marine Corps officers’ training camps were authorized by the Secretary of the Navy without the authority *692 of specific law, but were established for the purpose of training the enlisted men of the Marine Corps to fit them, for the exercise of duties which would devolve upon them if they were found to be equal to the duties of commissioned officers. No appropriation was made for their pay- or allowances; it was not necessary to require them to enlist, and no agreement was imposed upon them to accept a commission. The members of these Marine Corps training-camps were all enlisted men of the Marine Corps, there was no difference in their pay, and there could be no discrimination as to pay such as led to the passage of the act of June 15, 1917, in the case of enlisted men of the Army in training for officers of the Reserve Corps in the camps established under the provisions of the acts of June 3, 1916, and May 12, 1917.
It is true that the pay of enlisted men of the Marine Corps is regulated by the laws which govern the pay of the Infantry of the Army. Sec. 1612, Rev. Stat. But this section does not govern when Congress has made a specific-provision for the pay of the Infantry of the Army based on particular circumstances, which applied to enlisted men of the Army, but did not apply to enlisted men of the Marine Corps, and particularly is this true when the pay provided is only for a limited time. In providing pay for-enlisted men in training for officers of the Reserve Corps Congress was not fixing base pay, but only pay for men who were performing a temporary duty in a temporary camp; and Congress could and did increase the pay of enlisted men of the Infantry of the Army under these special circumstances without intending that the increase should apply to enlisted men of the Marine Corps. The act of June 15, 1917, was passed long before the circular letter of February 19, 1918, was issued establishing the Marine Corps camps. United States v. Thomas, 195 U. S. 418, 420; Bris-tow v. United States, 47 C. Cls. 46.
We are of opinion that the petition of the plaintiff must be dismissed, and it is so ordered.
Grai-iam, Judge; DowNet, Judge; Booth, Judge; and Campbell, Chief Justice, concur.