CARMICHAEL, A TAXPAYER, *v.* BOARD OF EDUCATION OF AKRON CITY SCHOOL DISTRICT ET AL.

(Decided October 3, 1929.)

*Messrs. Rockwell & Grant* and *Messrs. Smoyer & Smoyer,* for plaintiff.

*Messrs. Roetzel, Hunsicker & Olds* and *Mr. Under-wood,* director of law, for defendants.

WASHBURN, J. This is an action in which the plaintiff, a taxpayer, seeks to enjoin the carrying out of a contract entered into by the board of education for the construction of a school building.

It is claimed that there were irregularities and omissions in the bid of the successful bidder which violate the essential requirements of competition and render the bid void, and that the certificate filed by the clerk of the board (the fiscal officer authorized to certify that the amount required to meet the contract has been lawfully appropriated and is in the treasury, or in process of collection, to the credit of an appropriate fund, and free from any previous incumbrances) was untrue in fact, and that therefore the contract was void.

We find no such irregularities or omissions in the bid as invalidate the contract.

As to the claim that there was no foundation of fact in support of said certificate, it is conceded that the necessary funds were not in the treasury, but the board insists that said funds were in the process of collection.

It is urged by the plaintiff that there were certain defects in the proceedings of the board which rendered invalid the attempt to provide funds to pay for the building, and that therefore said funds could not have been in the process of collection. The claimed defects, in a general way, are that the requirements of the law were not complied with in submitting to the electors the question of issuing bonds in the sum of $2,800,000, a part of the pro-

ceeds of which were to be used to construct the school building in question, and that in the proceedings to issue and sell a part of said bonds to provide funds to carry out the contract in question the board of education failed to take the proper steps to levy a tax to pay said bonds, and failed to first offer said bonds to the sinking fund commission, as required by law, and was not authorized to and did not in fact sell notes in anticipation of the sale of said bonds.

It should be kept in mind that this is not an action to prevent the sale or the completion of the sale of said bonds or notes claimed to have been issued in anticipation of the sale thereof, or to prevent the board of education from securing funds to enable it to perform its part of the contract for the construction of said school building; so far as the question now being considered is concerned, it is simply an action to invalidate the contract on the ground that at the time it was entered into the funds required to meet the same were not in the treasury or in process of collection.

Therefore, so far as the foregoing branch of the case is concerned, the defects complained of relate to the procedure of getting the funds in the treasury, or in process of collection, and not to the procedure relating to the making of the contract.

The procedure precedent to the making of the contract is regular, but it is claimed that the certificate as to funds, while made and attached to the contract, as required by the statute, was in fact untrue; so the only way the defects complained of affect the contract is to render the certificate of funds, regular and sufficient in form, untrue. We

have presented, therefore, not the right of the taxpayer to be protected against such defects, but only his right to relief because of the untruthfulness of said certificate; and the right to that relief depends upon what rights are now conferred upon a taxpayer by the provisions of the statute in reference to such certificate.

It should be said that plaintiff does not claim that the members of the board of education, or the clerk, acted fraudulently; indeed, counsel have expressly disclaimed any suggestion of fraud in the transaction.

We do not find any fatal defects in the proceedings ordering the election at which the bonds were authorized, and for the purpose of determining the legal question involved we find, under the evidence, that in the proceedings subsequent to such election the defects complained of are such as warrant the conclusion that a court would have been justified, in a proper action seasonably brought, in making an order preventing the board of education from securing, under said subsequent proceedings, the funds necessary to perform its part of said contract, and that therefore, in view of such defects, the certificate of the clerk was untrue.

What is the effect of such finding, under the statutes in force at the time of these transactions?

It should be kept in mind that the making of such a contract, and all the proceedings in reference to or in any way connected therewith, are governed by the statutes; the Legislature having power to provide such requirements as it deems best for the protection of the public.

For a long time there has been a statute which

invalidated contracts such as the one here in question if there was not attached thereto a certificate by the clerk showing that the funds to meet the contract were in the treasury or in process of collection, and the courts have uniformly enforced that provision and have invalidated many contracts which were made without such certificate being attached thereto.

The law in force at the time of the transactions in question (Section 5625-33, General Code [112 Ohio Laws, 406]), provides that such a contract shall not be made unless there is "attached thereto a certificate of the fiscal officer" of the board of education, who is the clerk of said board, "that the amount required to meet the same * * * has been lawfully appropriated for such purpose and is in the treasury or in process of collection to the credit of an appropriate fund free from any previous encumbrances," and that "every such contract made without such a certificate shall be void."

The foregoing provision does not materially differ from the law in force for a long time, but recently the Legislature added important provisions to the law; one being that such a contract may be validated by following a prescribed procedure, provided such certificate could have been truthfully made at the time it should have been made, and another, in a subsequent section, being that an officer who makes such a certificate "which contains any false statements" shall be liable in a civil action. Section 5625-37, General Code (112 Ohio Laws, 408).

As a part of above Section 5625-33, which declares a contract void unless such a certificate is attached thereto, it is provided that: "Any certificate of the

fiscal officer attached to a contract, shall be binding upon the political subdivision as to the facts set forth therein.''

The part of the section last above quoted is an entirely new provision, with no like or similar provision in the statutes of any other state, so far as we can learn, and its force and effect have not been passed upon by any court, to our knowledge.

It is contended that if the words of said statute are to be held to mean just what they import, then a contract otherwise valid is not rendered invalid by the fact that the certificate of the clerk attached to the contract, to the effect that funds to meet it are in process of collection, is untrue; and that if that be true, then the effect of the provisions of the law enacted for the protection of taxpayers, preventing the incurring of obligations without first providing funds to meet the same, would be destroyed. It is therefore confidently urged that it should not be held that the Legislature intended, by inserting said provision in the statute, to prevent a taxpayer from obtaining relief when he is able to show that such a certificate, although not fraudulent, was untrue in fact.

The answer to that contention is that the taxpayer has no protection other than that given to him by the statute, and that it is entirely within the power of the Legislature to take the protection so given from him; and a court cannot substitute itself for the Legislature or properly say that the Legislature did not intend to mean what the words it has used in enacting a law plainly express.

''1. Where the words of a statute are plain, explicit and unequivocal, a court is not warranted in

departing from their obvious meaning, although from considerations arising outside of the language of the statute, it may be convinced that the legislature intended to enact something different from what it did in fact enact." *D. T. Woodbury & Co.* v. *Berry*, 18 Ohio St., 456.

In approving the principle of law announced in the foregoing case, the Supreme Court later said that said case "has been cited and approved many times in this court and in the courts of last resort in other states, as well as in *Thornley* v. *United States*, 113 U. S., 310 [5 S. Ct., 491, 28 L. Ed., 999]. It must therefore be regarded as laying down a cardinal rule of interpretation, at least for this jurisdiction." *Pittsburgh, C., C. & St. L. Ry. Co.* v. *Naylor*, 73 Ohio St., 115, at page 120, 76 N. E., 505, 506, 3 L. R. A. (N. S.), 473, 112 Am. St. Rep., 701.

"It is equally well settled that where the words of a statute are plain, explicit and unequivocal and express clearly and distinctly the sense of the lawmaking body, there is no occasion to resort to other means of interpretation. In such a situation the question is not, what did the general assembly intend to enact, but what is the meaning of that which it did enact? *D. T. Woodbury & Co.* v. *Berry*, 18 Ohio St., 456; *Slingluff et al.* v. *Weaver et al.*, 66 Ohio St., 621, [64 N. E., 574]; *Hough* v. *The Dayton Mfg. Co. et al.*, 66 Ohio St., 427 [64 N. E., 521]." *Village of Elmwood Place* v. *Schanzle*, 91 Ohio St., 354, at page 357, 110 N. E., 922, 923.

In the same statute which requires the certificate of funds to be attached to the contract (Section 5625-33) it is especially provided that it shall be

"binding upon the political subdivision as to the facts set forth therein."

The taxpayers of the subdivision are vitally affected by the certificate, and we can think of no good and logical reason for saying that the subdivision does not include the individual taxpayers who compose the same. To declare it binding on the whole subdivision is to declare it binding on all its parts.

We think that the words of the statute are plain, explicit, and unequivocal, and that their meaning is obvious, and therefore we have no duty to perform except to give the statute such construction as its plain letter requires, and enforce the same; if the law is not as it should be, its amendment or repeal should be sought in the Legislature.

A decree may be drawn denying the relief sought, and dismissing plaintiff's petition at his costs.

*Petition dismissed.*

Funk, P. J., and Pardee, J., concur.