## HONORA FLAHERTY *vs.* GEORGE RAFFERTY.

Submitted on briefs Oct. 21, 1892.   Decided Nov. 21, 1892.

**Costs on Appeal from Justice Court.**

> Upon the facts, which fully appear in the opinion, it is *held* that the defendant did not reduce the amount of plaintiff's recovery in justice's court one-half or more on appeal to the district court, within the meaning of 1878 G. S. ch. 67, § 14, nor was he the successful party; and therefore plaintiff was entitled to recover her costs and disbursements in district court.

**Alleged Errors Considered.**

> Other alleged errors considered and disposed of.

Appeal by defendant, George Rafferty, from a judgment of the District Court of Hennepin County, *Hooker,* J., entered April 9, 1892.

*John J. McHale* and *Ace P. Abell,* for appellant.

*C. F. Baxter,* for respondent.

COLLINS, J.   This was an action originally brought in justice's court, the plaintiff alleging in her complaint the sale of goods, wares, and merchandise to defendant of the value of $34.25, and the furnishing of board to him of the value of $76, amounting in all to $110.25, of which she claimed there was due and unpaid the sum of $80.25.   Defendant admitted in his answer that he was indebted to plaintiff in the sum of $53.09, but, except as to this amount, put the allegations of the complaint in issue.   The plaintiff had a judgment for the amount claimed, from which defendant appealed.   Because of a misunderstanding as to the day fixed for trial, he alleges, plaintiff failed to appear in district court, and thereupon, on defendant's motion, the amount of the recovery before the justice was reduced to the sum admitted by the answer to be due to plaintiff.   But with this reduction the amount of plaintiff's recovery in district court was considerably more than one half the amount of the judgment from which defendant appealed.   The appellant (defendant) contends that plaintiff was not entitled to costs and disbursements in district court, his position being that, as he succeeded on appeal as to all that was in

litigation between the parties in justice's court, namely, the difference between the amount demanded in plaintiff's complaint and the sum admitted to be due by the answer, he was the successful party on appeal, and was entitled to recover his costs and disbursements by virtue of 1878 G. S. ch. 67, § 14. This statute has been construed but once in this court,—*Watson* v. *Ward,* 27 Minn. 29, (6 N. W. Rep. 407.)

It is not clearly apparent that the question now before us could have been raised in that case, but it was not. We are not prepared to say that in all cases, without regard to the condition of the pleadings, and what was thereby made the subject of the litigation, the defendant who appeals and succeeds in reducing the amount of the recovery against him to the extent of one half or more of the amount or claim actually in dispute is not the successful party under a fair construction of section 14, and is not entitled to recover his costs and disbursements in district court. But this is not a case for a construction of the statute in appellant's favor. The plaintiff set forth a single cause of action in her complaint, arising out of a sale of goods, wares, and merchandise, and the furnishing of board. Defendant admitted nothing by his answer, except an indebtedness of a sum much less than the amount claimed to be due by the plaintiff. Properly construed, the answer was an admission that defendant was indebted for and on account of the matters set forth in the complaint; but whether for goods, wares, and merchandise, or for board, did not appear. So that unless the plaintiff chose to accept the defendant's offer of judgment for the amount stated in his answer as due, she had to prove her entire case. She had to introduce testimony as to the value of the goods, wares, and merchandise, as well as of the board, and her entire claim was a matter of proof; it had to be treated as a whole by her counsel upon the trial. Really the amount in litigation under the pleadings was not the difference between the sum claimed to be due by plaintiff and that conceded to be due by defendant, but was plaintiff's entire claim, because, before she could recover, all thereof had to be sustained by proof. The answer had left her no alternative. The plaintiff was entitled to her costs and disbursements in district court.

2. If, upon appeal to district court, the defendant could have availed himself of the provisions of 1878 G. S. ch. 66, § 259, by serving upon the plaintiff an offer to allow judgment to be taken against him, it is obvious that no such offer was made or attempted.

3. The alleged error in respect to the taxation of costs incurred in justice's court has no merit, so far as appears from the record. If the justice erred when taxing the costs in his court, there was nothing in his return clearly indicating it. Nor did the defendant's counsel make it apparent to the clerk of the district court when he objected to its allowance on the ground "that the same are costs in another suit."

Judgment affirmed.

(Opinion published 53 N. W. Rep. 644.)