W. S. CONRAD v. D. SWANKE and Another.[1]

July 11, 1900.

Nos. 12,128—(197).

### Notice of Appeal from Justice Court.

A notice of appeal from a judgment in a justice court, signed by the defendant's attorney as such, is good, although neither the defendant nor his attorney appeared in justice court.

### Answer in District Court by Defendant in Default.

Where a defendant in a justice court, who fails to appear and answer in such court, appeals to the district court, he is not entitled to answer in the latter court as a matter of course. He must show facts tending to excuse his default, as a basis for the exercise of the court's discretion in permitting him to answer.

### Amendment of Pleading.

When, in such a case, the plaintiff amends his complaint in the district court, the defendant has a right to answer it, as a matter of right.

### Rulings of Court.

Certain rulings of the trial court as to the admission of evidence, stated in the opinion, considered, and *held* correct.

### Costs and Disbursements in District Court.

When, on appeal from justice court, the plaintiff's recovery is reduced one-half, the defendant is entitled to costs and disbursements in the district court, although he made default in the justice court.

Appeal by plaintiff from a judgment of the district court for Morrison county, Searle, J. Affirmed.

*E. P. Adams*, for appellant.

*F. W. Lyon*, for respondent.

START, C. J.

The plaintiff commenced an action in justice court against the defendants as partners. The summons was served only on the defendant Clavin, and judgment entered against him in the justice court by default for $71.65, exclusive of costs. He appealed to the district court of the county of Morrison upon questions of law and

[1] Reported in 83 N. W. 383.

fact. He personally made and verified the affidavit on appeal, but the notice of appeal was signed by F. W. Lyon, attorney for defendant Clavin. Service of this notice of appeal was admitted, and the notice and proof were filed with the justice. The plaintiff moved the district court to dismiss the appeal on the ground that no notice of appeal had been served and filed with the justice. The trial court denied the motion, and the ruling is assigned as error.

No question is made that Mr. Lyon was not in fact the defendant's attorney, but it is claimed that there was nothing in the record before the district court on the motion to dismiss the appeal to show that he was such attorney or had any authority to sign the notice, he not having appeared for the defendant in justice court. The statute does not require the notice of appeal to be signed by the appellant personally. It may be signed by him, his agent or attorney. The authority of an attorney at law to appear and act for his client will be assumed without proof by the courts of the state, unless his authority so to do is challenged in the manner provided by law. The motion to dismiss was properly denied.

It is also assigned as error that the court made an order permitting the defendant to answer in the district court, for the reason that no excuse was shown for his not appearing and answering in the justice court. The order allowing the amendment recites that it was made after hearing counsel for both parties. Other than this, it does not appear that the defendant made any attempt to excuse his default. He was not entitled to answer in the district court as a matter of course. Libby v. Mikelborg, 28 Minn. 38, 8 N. W. 903. A motion to be allowed to answer in such a case is addressed to the discretion of the court, but there must be some showing made tending to excuse the default in justice court, as a basis for the exercise of the court's discretion. If any fair excuse is offered, the discretion of the court is to be liberally exercised. But it does not appear from the record that the defendant ever exercised the privilege given him by the order to answer. On the contrary, it affirmatively appears that the plaintiff amended his complaint, and defendant answered it. This he had a strict legal right to do,

without the favor of the court. Hence the error of the court in making the order, if it were such, was harmless error.

The main issue on the trial was whether the defendant Clavin was a member of the firm of Swanke & Clavin at the time the plaintiff's salesman, Williams, sold a bill of goods amounting to $91.25 to Swanke. The defendant testified to the effect that he told the salesman at the time that he had retired from the firm, and would not be responsible for any goods sold to Swanke. This conversation was denied by the salesman when on the witness stand. Thereupon the following questions were asked, and rulings made:

"Q. I will ask you if you would have sold these goods if you had understood that he was out of the business? (Objected to as incompetent, irrelevant, and immaterial. Objection sustained. Exception.) Q. Which was the responsible partner in the firm? (Objected to as incompetent, irrelevant, and immaterial. Objection sustained. Exception.) Mr. Adams: I offer to show by this witness that at the time of sale of last bill of goods, of $91.25, that Swanke was insolvent, to the knowledge of plaintiff, whom he was owing; that Clavin was financially good, as plaintiff knew; and that plaintiff would not have sold Swanke the goods, because of his insolvency. (Objected to. Sustained. Exception.)"

These rulings are assigned as error, for the reason that the proposed evidence, if it had been received, would have tended to show that the salesman's testimony was more reasonable than that of the defendant. The first question called for no fact. The second called for a conclusion not based on any fact. It did not appear that the witness had any knowledge as to the financial condition or reputation of either of the parties. The offer related to the plaintiff's knowledge as to Swanke's alleged insolvency, and the reliance of the plaintiff upon the financial responsibility of the defendant Clavin, and not that of the witness who made the sale, and whose testimony it was sought to sustain by the offer. What the plaintiff might have known and relied upon, unless also known to the witness when he made the sale, could not have any tendency to show that his testimony was more reasonable than that of Clavin.

The jury returned a verdict for the plaintiff for $19.75, and the court directed costs and disbursements to be taxed for the defendant. This is urged as error. It was not. The plaintiff's recovery

in the justice court was reduced one-half and more in the district court. This entitled the defendant to costs and disbursements. G. S. 1894, § 5511; Watson v. Ward, 27 Minn. 29, 6 N. W. 407; Flaherty v. Rafferty, 51 Minn. 341, 53 N. W. 644. The fact that the defendant made default in the justice court does not change this rule.

Judgment affirmed.