CHARLES C. OLSON v. ARENT RUSHFELDT.[1]

November 16, 1900.

Nos. 12,284—(41).

Appeal from Justice Court—Costs—G. S. 1894, § 5511.

The successful party on an appeal from a justice to the district court is entitled to have costs taxed in his favor, under G. S. 1894, § 5511, if

[1] Reported in 84 N. W. 124.

he succeeds in opposition to any substantial issue of the opposing claim, unless upon such appeal his recovery is reduced more than one-half of the amount awarded by the justice.

## Findings Sustained by Evidence.

Evidence considered, and *held* to support the conclusions of fact found by the trial court.

Appeal by defendant from a judgment of the district court for Clay county in favor of plaintiff, entered pursuant to the order of Baxter, J. Affirmed.

*C. A. Nye,* for appellant.

*Chas. S. Marden,* for respondent.

LOVELY, J.

Plaintiff sued defendant in justice court on an alleged contract to perform farm work and labor for defendant for four and one-half months. Defendant admitted the rendition of services by plaintiff for a shorter period than four months and a half, of the value of $44.44, but denied that the contract was entire, as claimed by the plaintiff. Plaintiff recovered in the justice court the sum of $78.43, probably upon the theory set forth in plaintiff's complaint. Upon appeal to the district court, it was held that plaintiff was entitled to recover the sum of $45.90. Defendant had his costs taxed by the clerk, which taxation was set aside by the court, who ordered that the costs be taxed in favor of the plaintiff, as the successful party in the action. Judgment was entered thereon in favor of the plaintiff for the amount of his recovery and costs, from which judgment defendant appeals to this court.

It is claimed on this appeal that defendant, under the last clause of G. S. 1894, § 5511, providing that "in all other cases of appeal from the judgment of a justice of the peace * * * the successful party is entitled to costs," etc., has succeeded, and was entitled to have his costs taxed.

Conceding that, upon the allegations of the answer, the defendant succeeded in securing the adoption of his theory as to the view that he could terminate the contract at his pleasure, yet he contested the amount of time which plaintiff had worked for him, and the amount which he was entitled to recover under his own theory, and

upon these questions, which were open to dispute in the court below, the findings were against him; he was not therefore upon all the issuable questions involved, the successful party, nor entitled to have costs taxed in his favor.    Flaherty v. Rafferty, 51 Minn. 341, 53 N. W. 644.    Upon the findings of the court, the recovery before the justice on such appeal was not reduced one-half, and, under the section of the statute referred to, defendant was not, on that ground, entitled to have costs taxed in his favor.    The finding of the trial court that plaintiff was entitled to pay for the day he was hired and the day he was discharged was proper, and authorized by law, since courts cannot, in absence of agreement to that effect, take notice of integral parts of a day.

The judgment of the trial court is affirmed.