STATE of Minnesota, Respondent,

v.

Kelvin NMN JACKSON, Appellant.

No. C4–95–2404.

Supreme Court of Minnesota.

Dec. 30, 1996.

## ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petitions of Kelvin Jackson for further review of the decision of the Court of Appeals filed September 3, 1996 be, and the same are, granted for the limited purpose of making it clear that Jackson is entitled to an extra day of jail credit against his prison sentence. The precise issue is whether he is entitled to receive credit for the first *and* last day of any noncontinuous period of confinement in jail. We hold that he is entitled to credit for both the first and last day of the period in question.

Petitioner is entitled to 98 rather than 97 days of jail credit.

BY THE COURT:

/s/ Alexander M. Keith

A.M. Keith
Chief Justice

## MEMORANDUM

Minnesota Statute § 645.15 sets forth the general approach to computing time with respect to filing papers, etc.:

Where the performance or doing of any act, duty, matter, payment, or thing is ordered or directed, and the period of time or duration for the performance or doing thereof is prescribed and fixed by law, the time, except as otherwise provided in sections 645.13 and 645.14, *shall be computed so as to exclude the first and include the last day of the prescribed or fixed period or duration of time.* When the last day of the period falls on Saturday, Sunday or a legal holiday, that day shall be omitted from the computation.

(Emphasis added). *See also* Minn.R.Civ. App.P. 126.01. As we noted in *Nelson v. Sandkamp*, 227 Minn. 177, 179–80, 34 N.W.2d 640, 642 (1948), this computation-of-time provision is expressive only of the general common-law rule and does not abrogate certain common-law exceptions.

Minnesota Rules of Criminal Procedure 27.03, subd. 4(B) provides that when the trial court imposes sentence the trial court:

Shall assure that the record accurately reflects all time spent in custody in connection with the offense or behavioral incident for which sentence is imposed.

That rule further provides:

Such time shall be automatically deducted from the sentence and the term of imprisonment including time spent in custody as a condition of probation from a prior stay of imposition or execution of sentence.

Minnesota Sentencing Guidelines III.C. provides:

Pursuant to Minn.Stat. § 609.145, subd. 2, and Minn.R.Crim.P. 27.03, subd. 4(b), when a convicted felon is committed to the custody of the Commissioner of Correc-

tions, the court shall assure that the record accurately reflects all time spent in custody between arrest and sentencing, including examinations under Minn.R.Crim.P. 20 or 27.03, subd. 1(A), for the offense or behavioral incident for which the person is sentenced, which time shall be deducted by the *Commissioner of Corrections from the sentence imposed.*

In a series of cases interpreting Minn.Stat. § 609.145, Minn.R.Crim.P. 27.03, subd. 4(B), and III.C. of the Sentencing Guidelines, this court has dealt with the issue of jail credit in a number of different contexts, generally trying to ensure that the amount of jail credit the defendant receives does not turn on issues that are subject to manipulation by the prosecutor or on irrelevant matters, such as whether the defendant pleads guilty or insists on a right to jury trial or on whether the defendant is indigent and is unable to post bail. *See, e.g., State v. Folley,* 438 N.W.2d 372, 374–75 (Minn.1989), (held, for various reasons, defendant was entitled to jail credit against his sentence for first-degree criminal sexual conduct from time of his arrest on driving-related charge, rather than from later date on which he was arrested and formally charged with sex crimes). Interestingly, at common law the rule expressed in section 645.15 applied where the word "from" in a statute refers to the time within which an act is required or permitted to be done, in which case the first day is excluded. On the other hand, an exception is made in the case of a statute or contract where the words "from the date" or "from" a day named are used in connection with a creation of an estate or interest and it is not contrary to the expressed intention of the parties; in such a case, the date named from which the estate or interest is to exist is to be included, and the estate or interest vests on that day. *See Budds v. Frey,* 104 Minn. 481, 483–86, 117 N.W. 158, 159–60 (1908). As stated in *Budds,* whether the word "from" shall be construed as inclusive or exclusive depends on the context or subject matter as well as on the expressed intention of the parties. *Id.* at 484, 117 N.W. at 159.

If a defendant is arrested on June 2 and is given credit "from" June 2, then under the common-law approach, the defendant gets credit for a full day with respect to June 2, even though the defendant may have actually been in jail on June 2 for only a few hours. Similarly, if the defendant is released on July 16, the defendant gets credit for a full day with respect to July 16, even if he is released in the middle of the day. This is because at common law any fraction of a day is deemed a day. *See* 86 CJS *Time* § 16 (1954), *see also, e.g., Olson v. Rushfeldt,* 81 Minn. 381, 383, 84 N.W. 123, 124 (1900) (in entering judgment for personal services, *the day of employment and the day of discharge will be considered as entire days,* since courts cannot take notice of integral parts of a day in the absence of an agreement by the parties to that effect).

In the area of sentence credit for time spent in jail under the *Huber* work-release law, the Sentencing Guidelines Commission has gotten somewhat specific in its approach. In 1983 this court was confronted with the issue of how much credit, if any, a defendant should get for nights in jail under the *Huber* law. That question at that time was not answered by the Sentencing Guidelines. This court concluded that although the defendant was not entitled to full credit for the days he was required to spend the nights in jail, he should be given credit for the number of hours that he was required to actually spend in jail each day, 12 hours. That case, of course, did not speak to the issue that we are presented with in this case. Subsequently, the Sentencing Guidelines Commission amended section III.C. to read as follows: "Time spent in confinement under *Huber* law (Minn.Stat. § 631.425) shall be awarded at the rate of one day for each day served." Comment III.C.02. provides:

Jail credit for time spent in confinement under the conditions of *Huber* Law (Minn. Stat. § 631.425) should be awarded at the rate of one day for each day served. When a condition of jail time is that it be served on weekends, the actual time spent in jail rounded to the nearest whole day, should be credited. For example, if an offender arrives at jail at 6:00 p.m. Friday and leaves at 8:00 p.m. Sunday, 50 hours have been served and that time would be rounded to two days of jail credit if the

stay were later revoked and the sentence executed.

One could use the comment as the basis for an argument that in the matter of jail credit generally, the defendant should receive precise credit in terms of hours for the day of arrest, for example, or that the defendant in such a situation should receive a day of credit only if the number of hours in jail for that day were 12 or more.

We are inclined to think, however, that if a defendant spends part of a day on the day of arrest, and part of a day in jail on the day of release, he should receive a full credit for each day. That apparently is the approach the court of appeals took in an unpublished decision in *Kaliszewski v. State*, No. C5-87-2043, 1988 W.L. 15869, at *1-*2 (Minn.App., Mar. 1, 1988). There the court stated as follows:

> In computing jail time credit, each day in jail should be counted. Rule 27.03 and the sentencing guidelines both require credit for all "time spent in custody." Minn.R.Crim.P. 27.03, subd. 4(b); Sentencing Guidelines III.C.

> Counting the first as well as last day of each period spent in jail, appellant is entitled to 178 days credit for December 18 to March 8 and March 8 to June 6, 1986 (counting March 8 once), and for January 30 to February 6, 1987.

In this case the court of appeals did not apply *Kaliszewski* because Jackson did not raise the issue first in the trial court. Rather than remand to give the trial court an opportunity to consider the request, we herewith grant Jackson the extra day of credit, meaning he is entitled to 98 rather than 97 days of jail credit. While not a factor in our decision, we note that Jackson's attorney on appeal estimates that a uniform departure from the approach followed in *Kaliszewski* could result in considerable cost to the taxpayers. The savings represented by one day by itself may not be much but when the figure of one day is multiplied by the total number of inmates in prison, one more readily can see the cost of a different approach.

In any event, petitioner is entitled to 98 rather than 97 days of jail credit.