**STATE of Minnesota, Appellant,**

v.

**Richard Frica PERALTA, Respondent.**

**No. C6–99–310.**

Court of Appeals of Minnesota.

July 27, 1999.

Review Denied Oct. 21, 1999.

Mike Hatch, Attorney General, St. Paul; and Thomas J. Harbinson, Scott County Attorney, Michael J. Groh, Assistant County Attorney, Shakopee, for appellant.

Joseph S. Friedberg, Minneapolis; and Lisa Lodin Peralta, St. Paul, for respondent.

Considered and decided by SCHUMACHER, Presiding Judge, HALBROOKS, Judge, and PARKER, Judge.[*]

## OPINION

HALBROOKS, Judge

Appellant State of Minnesota appeals from the district court's pretrial order excluding from a perjury prosecution respondent Richard Peralta's withdrawn guilty plea from a previous criminal sexual conduct prosecution. Because we conclude Minn. R.Crim. P. 15.06 and Minn. R. Evid. 410 bar the use of Peralta's withdrawn plea in a subsequent perjury prosecution and are not in conflict with Minn.Stat. § 609.48, we affirm.

## FACTS

Peralta was charged on June 4, 1997, with one count of second-degree criminal sexual conduct in violation of Minn.Stat. § 609.343, subd. 1(a). Peralta later entered a guilty plea to an amended charge

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

of criminal sexual conduct in the fifth degree.

At the plea hearing, Peralta was sworn as a witness and testified. Peralta's attorney asked him, "But did you take [the victim's] hand and put it on your penis?" Peralta responded, "Yeah. Over the pants." Peralta's attorney then asked, "When you did that, you knew it was wrong?" Peralta answered, "Yes, of course." Later in the hearing, the prosecuting attorney asked Peralta, "So one time you took [the victim's] hand and placed it over your penis?" Peralta testified, "Yes, the first time." Later, Peralta's attorney asked, "You don't claim at all that she consented to this, do you?" Peralta answered, "No. Never."

On June 5, 1998, Peralta asked to withdraw his guilty plea after receiving the presentence investigation report and learning he would be subject to deportation. The motion was granted.

Peralta waived his right to a jury trial and his case was tried to the court. At trial, the withdrawn plea was not mentioned. Peralta was found not guilty of criminal sexual conduct, but guilty of disorderly conduct.

During the trial, Peralta testified on his own behalf. Peralta, under oath, was asked by his attorney whether he took the victim's hand and put it on his penis. In contrast to his previous testimony at the plea hearing, Peralta answered, "No." During the cross-examination, Peralta again denied placing the victim's hand over his penis at any time.

Following the hearing, the prosecutor noted on the record that she believed perjury had occurred. On November 14, 1998, the county attorney filed a complaint charging Peralta with felony perjury in violation of Minn.Stat. § 609.48, subd. 1(1), because of the discrepancy between the statements he made at the plea hearing and the trial.

At a contested omnibus hearing held on February 5, 1999, Peralta argued the statement made at the plea hearing should be excluded as a matter of law pursuant to Minn. R. Evid. 410 and Minn. R.Crim. P. 15.06. The district court agreed that the evidence was inadmissible and dismissed the complaint for lack of probable cause. The state filed this appeal.

## ISSUES

1. What is the appropriate standard for reviewing the state's appeal from the district court's pretrial order suppressing evidence, when the facts are not in dispute?

2. Can a defendant's withdrawn guilty plea be used in a subsequent perjury prosecution?

   a. Does Minnesota caselaw prevent the use of a withdrawn plea in a subsequent perjury prosecution?

   b. Do Minn. R. Evid. 410 and Minn. R.Crim. P. 15.06 prevent the use of a withdrawn plea in a subsequent perjury prosecution?

   c. Is Minn.Stat. § 609.48 in conflict with Minn. R. Evid. 410 and Minn. R.Crim. P. 15.06?

## ANALYSIS

### 1. Standard of review

The parties disagree on the appropriate standard for reviewing the state's appeal from the district court's pretrial order suppressing Peralta's withdrawn guilty plea. Peralta contends the appropriate standard is whether the district court "clearly and unequivocally erred in its judgment" to suppress the statements Peralta made at the plea hearing, and whether the error will have a "critical impact on the outcome of the trial." *See State v. Miller*, 586 N.W.2d 133, 137 (Minn.App.1998). The state contends the district court's decision to suppress the evidence was a question of law and this court's review is, therefore, de novo. *See State v. Othoudt*, 482 N.W.2d 218, 221 (Minn.1992). Both parties agree the district court's decision to suppress the evidence will have a critical impact on the outcome of the trial.

■ Generally, this court will only reverse a trial court's pretrial decision to suppress evidence if the state demonstrates "clearly and unequivocally that the trial court has erred in its judgment and that, unless reversed, the error will have a critical impact on the outcome of the trial." *Othoudt*, 482 N.W.2d at 221 (quoting *State v. Webber*, 262 N.W.2d 157, 159 (Minn. 1977)).

> However, when reviewing a pre-trial order suppressing evidence where the facts are not in dispute and the trial court's decision is a question of law, the reviewing court may independently review the facts and determine, as a matter of law, whether the evidence need be suppressed.

*Othoudt*, 482 N.W.2d at 221; *see also State v. Marshall*, 541 N.W.2d 330, 332 (Minn. App.1995) (stating a dismissal for lack of probable cause is reviewed de novo if it is based on a legal determination), *review denied* (Minn. Feb. 27, 1996).

Peralta's attempt to distinguish *Othoudt* on the ground that it dealt with suppression of evidence pursuant to the exclusionary rule of the Fourth Amendment is misdirected. The *Othoudt* case specifically indicates the standard for reviewing pretrial decisions to suppress evidence turns on whether the facts are in dispute. *Othoudt*, 482 N.W.2d at 221. It does not link the standard of review with the rationale asserted for the suppression of the evidence.

■ In the present case, the facts were not in dispute. Both parties agreed on the content of Peralta's statements at the plea hearing. The trial court's decision to suppress the statements did not turn on an analysis of the facts; rather, it was a legal determination of whether Minn. R. Evid. 410 and Minn. R.Crim. P. 15.06 required exclusion of Peralta's statements. Thus, our standard of review is de novo as set out in *Othoudt*.

**2. Use of withdrawn guilty plea in subsequent perjury prosecution**

■ district court held Minn. R. Evid. 410, Minn. R.Crim. P. 15.06, and the Minnesota Supreme Court's holding in *State v. Jackson*, 325 N.W.2d 819 (Minn. 1982), prohibit the use of Peralta's withdrawn guilty plea in a subsequent perjury prosecution. The state makes numerous arguments to the contrary. First, it argues the admissibility of withdrawn guilty pleas in subsequent perjury proceedings is not governed by existing Minnesota caselaw. Second, it contends the evidentiary and procedural rules only prohibit the use of withdrawn guilty pleas in the original criminal action, not in a subsequent perjury prosecution. Finally, the state argues if the rules of evidence and procedure are interpreted to be in conflict with Minn. Stat. § 609.48 (1996), the statute takes precedence over the rules and permits admission of the withdrawn plea.

The state is correct that there are no Minnesota cases directly addressing the use of a withdrawn plea in a subsequent perjury prosecution. The most relevant Minnesota case is *Jackson*. In *Jackson*, the supreme court held, under caselaw and Minn. R. Evid. 410, that a defendant's statements during a presentence investigation made in conjunction with a withdrawn plea agreement were inadmissible in a subsequent trial. *Jackson*, 325 N.W.2d at 822. The court reasoned that, once withdrawn, the plea and statements made with respect to the plea are "a nullity *ab initio* and to allow evidence of [them] is inconsistent with [their] legal obliteration." *Id.*

Although not directly on point, *Jackson* provides strong direction for resolving the present question. The *Jackson* court unequivocally stated withdrawn guilty pleas and the in-court statements surrounding them are "legally obliterated" and are to be treated as if they were never made. *Id.* at 822; *see also State v. Hayes*, 285 Minn. 199, 201, 172 N.W.2d 324, 326 (1969) (holding admission of evidence of prior proceedings in which a plea of guilty was vacated

or withdrawn is impermissible). Moreover, in dicta discussing the intention of the drafters of Minn. R. Evid. 410, the supreme court stated,

> it seems reasonable to conclude that our drafters decided not to provide for either an impeachment or a perjury exception [to Rule 410]. Instead, our Rule 410 says simply that plea-related statements shall not be received.

*Jackson*, 325 N.W.2d at 823. Thus, *Jackson* indicates any use of withdrawn plea agreements is prohibited without exception.

The state next argues that Minn. R. Evid. 410 does not bar the admissibility of withdrawn guilty pleas in subsequent perjury proceedings because it does not specifically address the issue and its drafters did not intend it to address the issue. In support of its argument, the state looks to the following commentary on the rule. "At present the subsequent effect of a withdrawn plea of guilty * * * is governed by Minn. R.Crim. P. 15.06." Minn. R. Evid. 410 1977 comm. cmt.

With regard to Minn. R.Crim. P. 15.06, the state argues that because the rule does not specifically address use of a withdrawn plea in a subsequent perjury proceeding, it does not prohibit its use in these proceedings. The state cites paragraph 20(b) of the appendix to rule 15.06 to bolster its argument that the supreme court recognized a defendant who withdraws a guilty plea may be charged with perjury in a subsequent proceeding. Paragraph 20(b)(ii) in this model guilty plea petition states:

> Any testimony that I have given concerning the guilty plea could not be used against me unless I am charged with the crime of perjury based on this testimony.

Crim. R.P. 15.06, App. A, ¶ 20(b)(ii).

Notwithstanding the state's arguments, both rules clearly state on their face that a withdrawn plea of guilty is inadmissible in *any* criminal proceeding. Minn. R. Evid. 410 provides:

> Evidence of a plea of guilty, later withdrawn, * * *, or of an offer to plead guilty * * * to the crime charged or *any* other crime or of statements made in connection with any of the foregoing pleas or offers, is not admissible in any civil, criminal, or administrative action, case, or proceeding whether offered for or against the person who made the plea or offer.

Minn. R. Evid. 410 (emphasis added). Minn. R.Crim. P. 15.06 is consistent with rule 410. *See State v. Folkers*, 581 N.W.2d 321, 325 (Minn.1998) (stating rule 15.06 is "virtually identical" to Minn. R. Evid. 410). It provides:

> If the defendant enters a plea of guilty * * * which is withdrawn, neither the plea discussions, nor the plea agreement, nor the plea shall be received in evidence against or in favor of the defendant in *any* criminal, civil, or administrative proceeding.

Minn. R.Crim. P. 15.06 (emphasis added).

Moreover, the failure of the rules to specifically address the use of withdrawn pleas in subsequent perjury prosecutions does not necessarily mean the supreme court did not intend them to cover that situation. It is significant that rule 410 of the Federal Rules of Evidence permits withdrawn pleas to be used in criminal proceedings for perjury, but the drafters of Minn. R. Evid. 410 chose not to adopt this exception. In the preliminary comment to the rules of evidence, the drafters state:

> The committee reviewed each of the Federal Rules of Evidence and compared it to existing state practice. Unless there was a substantial state policy which required deviation from the federal rule, the committee recommended the federal rule of evidence exactly as enacted.
>
> * * * *
>
> The following rules represent a change in language that could involve a substantive difference from the corresponding federal rule: * * * 410.

Minn. R. Evid. prelim. cmt. Thus, it seems reasonable to conclude the drafters of Minn. R. Evid. 410 purposefully decided not to include a perjury exception. *See Jackson*, 325 N.W.2d at 823; *see also* 11 Peter N. Thompson, *Minnesota Practice* § 410.01, at 186 (2d ed.1992) (stating in contrast to Fed.R.Evid. 410, the Minnesota rule would not permit withdrawn pleas of guilty "to be used for any purpose").

Finally, the state argues that if Minn. R.Crim. P. 15.06 and Minn. R. Evid. 410 are interpreted to prohibit use of withdrawn pleas in subsequent perjury prosecutions, the rules are in conflict with Minn. Stat. § 609.48 and the statute as substantive criminal law takes precedence over the rules.

Minn.Stat. § 609.48 provides in relevant part:

Subdivision 1. **Acts constituting**: Whoever makes a false material statement not believing it to be true in any of the following cases is guilty of perjury and may be sentenced as provided in subdivision 4:

(1) In or for an action, hearing or proceeding of any kind in which the statement is required or authorized by law to be made under oath or affirmation; * * *.

Subd. 2. **Defenses not available**. It is not a defense to a violation of this section that: * * *; or

(3) The declarant did not know that the statement was material or believed it to be immaterial; * * * or

(5) The statement was inadmissible under the law of evidence.

Subd. 3. **Inconsistent statements**. When the declarant has made two inconsistent statements under such circumstances that one or the other must be false and not believed by the declarant when made, it shall be sufficient for conviction under this section to charge and the jury to find that, * * * one or the other of such statements was false and not believed by the declarant.

Minn.Stat. § 609.48, subds. 1–3 (1996) (emphasis in original).

The state perceives inconsistency between the statute and the rules because it interprets Minn.Stat. § 609.48, subd. 2(5) (1996), to apply to false statements that are inadmissible in a proceeding after the proceeding in which they were made. This interpretation distorts the plain meaning of the statute. The use of the past tense "was" in subdivision 2(5) indicates the statute is referring to the admissibility of the false statement in the prior proceeding, not in a subsequent proceeding.

Additionally, the statute is inapplicable here because Peralta is not asserting an affirmative defense to perjury. He admits his statements were contradictory and might subject him to a perjury prosecution. Peralta is arguing that the rules of evidence and criminal procedure *bar* the admission of his prior statements in a subsequent criminal perjury prosecution.

In sum, we, like the district court, recognize Peralta lied under oath either when he pleaded guilty or when he testified at trial, and we do not condone his action. But, a plain reading of the caselaw, rules, and statute compels the conclusion that a previously withdrawn guilty plea is not admissible in a later prosecution for perjury.

## DECISION

The district court correctly determined Minn. R.Crim. P. 15.06 and Minn. R. Evid. 410 barred the use of Peralta's previously withdrawn guilty plea from the subsequent perjury prosecution, and the rules are not in conflict with Minn.Stat. § 609.48.

**Affirmed.**