**STATE of Minnesota, Appellant,**

v.

**Glenn Vernon AKERS, Respondent.**

**No. C2–01–1388.**

Court of Appeals of Minnesota.

Dec. 18, 2001.

Mike Hatch, Attorney General, St. Paul, MN; and Thad N. Tudor, Assistant Isanti County Attorney, Cambridge, MN, for appellant.

John M. Stuart, State Public Defender, Michael C. Davis, Special Assistant State Public Defender, St. Paul, MN, for respondent.

Considered and decided by
AMUNDSON, Presiding Judge,
HARTEN, Judge, and FOLEY, Judge.*

## OPINION

HARTEN, Judge.

The state appeals from a pretrial order to suppress evidence obtained during a search of respondent's property, arguing that even after supplying an omission, the warrant application set forth probable cause and that there was no evidence the omission was deliberate or reckless. Because we conclude that the issuance of the search warrant violated respondent's due process rights, we affirm.

## FACTS

The Isanti County Zoning Ordinance prohibited respondent Glenn Vernon Akers from storing unlicensed vehicles on his property. After noting several unlicensed vehicles on respondent's property, the Isanti County Zoning Office informed respondent by a letter dated December 14, 1999, that storing such vehicles violated the zoning ordinance and gave him until January 31, 2000, to comply with the ordinance. On February 10, 2000, the zoning office sent respondent another letter warning that all vehicles must be removed from the property by April 1, 2000, to be in compliance. The zoning office sent a third letter on February 12, 2001, extending the compliance date to March 9, 2001, and stating, "[o]n or around that date, our office will conduct an inspection for compliance."

On March 7, 2001, sheriff's investigator Timothy Akers applied for a search warrant of respondent's property to determine whether respondent was operating an automobile salvage yard. Although the affidavit supporting the application referenced the first two letters, it did not mention the third letter that extended the compliance date to March 9, 2001.

Isanti County law enforcement officers executed the warrant on March 7, 2001, and discovered evidence of a methamphetamine lab in respondent's basement. They then sought and received another search warrant for drug-related material. During the second search, they seized the lab and arrested respondent.

The state charged respondent with a felony controlled substance crime. Respondent filed a motion to suppress the use of evidence obtained during the two

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

searches. In an order dated August 7, 2001, the district court granted respondent's motion to suppress, finding that

> there was no probable cause for law enforcement to obtain a search warrant on March 7, 2001[,] * * * as [respondent] had not yet failed to comply with the Isanti County Zoning Office's request.

The district court also dismissed the case for lack of probable cause. The state appeals.

## ISSUE

Did law enforcement officers violate respondent's due process rights when they applied for and executed a search warrant before the zoning compliance deadline set by the government had passed?

## ANALYSIS

■ Generally, this court will reverse a pretrial decision to suppress evidence only if the state demonstrates

> clearly and unequivocally that the trial court has erred in its judgment and that, unless reversed, the error will have a critical impact on the outcome of the trial.

*State v. Peralta,* 598 N.W.2d 698, 701 (Minn.App.1999) (quotation omitted), *review denied* (Minn. Oct. 21, 1999). However, when the facts are not in dispute, we "may independently review the facts and determine, as a matter of law, whether the evidence need be suppressed." *Id.* (quotation omitted).

■ The Fourth Amendment forbids unreasonable searches and seizures and allows the issuance of search warrants only upon a showing of probable cause. U.S. Const. amend. IV. Probable cause exists when there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Hochstein,* 623 N.W.2d 617, 623 (Minn.

App.2001) (quotation omitted). If a warrant is invalid, the fruits of the search should be excluded from evidence. *Wong Sun v. United States,* 371 U.S. 471, 484, 83 S.Ct. 407, 416, 9 L.Ed.2d 441 (1963).

■■ The state argues this case should be analyzed under the material omission doctrine. Evidence traced to a warrant with a material omission will be excluded only if, after supplying the omission, there is no probable cause and the police acted deliberately or recklessly. *See State v. Doyle,* 336 N.W.2d 247, 250 (Minn.1983). The state contends that even after including the third letter, the totality of the circumstances shows a pattern of non-compliance such that there was probable cause to believe respondent was in violation of the ordinance when the search warrant was issued. The state also points to the lack of findings or evidence that police acted deliberately or recklessly.

Although this case involves a material omission, we believe the totality of the circumstances triggers the fundamental fairness doctrine of the Due Process Clause of the Fourteenth Amendment.

> The United States Supreme Court has * * * recognized that due process does not permit those who are perceived to speak for the state to mislead individuals as to either their legal obligations or the penalties they might face should they fail to satisfy those obligations.

*McDonnell v. Comm'r of Pub. Safety,* 473 N.W.2d 848, 854 (Minn.1991). In *Raley v. Ohio,* 360 U.S. 423, 437, 79 S.Ct. 1257, 1266, 3 L.Ed.2d 1344 (1959), the court found that the defendants' conviction for refusing to answer questions before the Ohio legislature's Un American Activity Committee after having been told they could assert the privilege against self-incrimination violated the Due Process Clause of the Fourteenth Amendment.

*See also State v. McKown,* 475 N.W.2d 63, 68 (Minn.1991) (government may not inform an "individual that certain conduct is permitted and then prosecute the individual for engaging in that same conduct").

The Isanti County Zoning Office informed respondent that he had until March 9, 2001, to comply with the ordinance. The state does not contest respondent's assertion that he was attempting to remove the vehicles at the time the police procured the warrant and searched his property.

The state attempts to distinguish the above cases from the present facts because respondent was never told his conduct was legal. This distinction is irrelevant. Caselaw holds that a person does not have to be told that certain conduct is legal to trigger this constitutional protection. *See, e.g., State v. Scott,* 473 N.W.2d 375, 377–78 (Minn.App.1991) (police misled defendant and violated due process when informing defendant that negative consequences would occur if he refused to take a sobriety test without also informing him a test would be given with or without his consent). Additionally, when the zoning office allowed respondent until March 9 to comply, respondent had reason to believe that, until the compliance deadline passed, he would suffer no consequences for having unlicensed vehicles on his property; indeed, he was in the process of removing them when law enforcement applied for the warrant. The law enforcement actions violated the constitutional principle that the government cannot mislead people about their legal obligations. *See McDonnell,* 473 N.W.2d at 854.

The state also contends it should not be bound by the compliance date because, by saying, "on or around that date, our office will conduct an inspection for compliance," the letter made the date flexible. This argument also fails because "or around,"

when combined with the March 9 deadline, would lead a reasonable person to believe that "or around" could mean after March 9. Construed otherwise, the March 9 compliance date would be utterly meaningless.

We conclude that the issuance of the search warrant on March 7, 2001, violated respondent's due process rights because the government had led respondent to believe that he had until March 9 to correct the violation. Moreover, on March 7, there was no probable cause to support finding a violation of law under the county's arrangement with respondent. The zoning office's letter indicated that respondent would suffer no penalty if he were in compliance by March 9, 2001. Accordingly, the district court correctly found the search warrant void for lack of probable cause and suppressed evidence discovered as a result of these searches. *See United States v. Crews,* 445 U.S. 463, 470, 100 S.Ct. 1244, 1249, 63 L.Ed.2d 537 (1980) (requiring suppression of the fruits of constitutional violations).

**Affirmed.**