STATE of Minnesota, Respondent,

v.

Michael John AREND, Appellant.

No. C2–02–672.

Court of Appeals of Minnesota.

Aug. 6, 2002.

Mike Hatch, Attorney General, St. Paul, MN; and Raymond F. Schmitz, Olmsted County Attorney, James E. Haase, Assistant County Attorney, Rochester, MN, for respondent.

Tina Liebling, Rochester, MN, for appellant.

Considered and decided by HARTEN, Presiding Judge, WILLIS, Judge, and FOLEY, Judge.*

## OPINION

HARTEN, Judge.

Appellant challenges the district court's decision to award him one day of jail credit for each day he spent in the Sentence to Serve program because when he served an earlier sentence, each day in the program counted as two days off that sentence. Because we find that the district court's decision accurately reflects the time appellant spent in custody, we affirm.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

## FACTS

On 9 February 1999, appellant Michael Arend, who was on probation for gross misdemeanor DWI, admitted to an Olmsted County corrections officer that he had cocaine in his possession. Based on that admission, the district court revoked appellant's probation and executed his DWI sentence. While serving the DWI sentence, appellant participated in the local Sentence to Serve program (STS). Each day appellant participated in STS counted as two days off his DWI sentence. The district court explained the program using the following example:

> Defendant Smith is sentenced to 90 days in jail. Assuming no disciplinary problems, he would actually serve 60 days. Smith reports to jail and does 30 days of straight time. He then goes into the sheriff's STS program, and does 15 days of STS work. Those 15 days count as 30 days against his 60. The 60 days are satisfied in 45 days; 30 of straight time, and 15 of double-credit STS days. Smith is out of jail 45 days after he entered.

Appellant served 30 days on STS and received 60 days off his DWI sentence.[1]

Appellant pleaded guilty to the 9 February controlled substance possession offense. The district court diverted appellant's sentence under Minn.Stat. § 152.18 (1998) and placed him on probation. On 1 August 2000, the district court vacated the diversionary order and sentenced appellant to the custody of the commissioner of corrections for one year and one day. The district court then stayed appellant's sentence upon the following conditions: that appellant serve 210 days in an adult detention center with credit for good time and time served and abstain from drugs and alcohol.

On 18 December 2001, appellant admitted violating the terms of his probation and requested execution of his drug possession sentence. The district court issued an order executing appellant's sentence and committing appellant to the commissioner of corrections for one year and one day with credit for time served. The district court gave appellant jail credit for the time "he actually spent incarcerated in * * * [j]ail," 216 days, a total that included the 30 days spent in STS as 30 days.[2] Appellant was denied credit for an additional 30 days for time earlier served under the STS program. This appeal followed.

## ISSUE

Did the district court err in giving appellant one day of jail credit for each day he participated in the STS program?

## ANALYSIS

■ Appellant argues that the district court erred by not crediting the full "bonus" for time he earned by participating in the STS program. Under the STS program, appellant earned two days off his DWI sentence for each day he worked. He worked 30 days and received 60 days off his sentence. In executing the controlled substance sentence, the district court gave appellant 30 days jail credit for the 30 days he participated in STS. Appellant seeks the additional 30 days STS cred-

---

1. The legal authority for the local STS program and its "bonus" sentence credit was neither presented nor litigated by the parties. It is therefore not before us.

2. The parties agree that appellant served 216 days in confinement. The record is unclear as to how they arrived at the 216 days. The record is confusing as to the number of days, if any, that appellant served concurrently on the DWI and controlled substance offenses prior to the order executing appellant's year-and-one-day sentence. When appellant was serving his STS time, he had not yet been convicted of the controlled substance offense.

it that he earned off his DWI sentence for credit on his drug possession sentence. In other words, appellant seeks 60 days of jail credit for the 30 days he participated in STS under the DWI charge, for a total of 246 days credit against the one-year-and-one-day controlled substance sentence.

■■■ "The granting of jail credit is not discretionary with the trial court." *State v. Parr*, 414 N.W.2d 776, 778 (Minn.App. 1987) (citation omitted), *review denied* (Minn. Jan. 15, 1988).

> Awards of jail credit are governed by principles of fairness and equity and must be determined on a case-by-case basis. A defendant has the burden of establishing that he is entitled to jail credit for a specific period of time.

*State v. Bradley*, 629 N.W.2d 462, 464 (Minn.App.2001) (citations omitted), *review denied* (Minn. 15 Aug. 2001). We have not addressed whether time earned under a local STS or a similar program counts as future jail credit.

Under Minnesota law, a defendant is entitled to jail credit for "all time spent in custody in connection with the offense or behavioral incident for which sentence is imposed." Minn. R.Crim. P. 27.03, subd. 4(B); *see also* Minn.Stat. § 609.145, subd. 1 (2000). Additionally,

> [j]ail credit shall reflect time spent in confinement as a condition of a stayed sentence when the stay is later revoked and the offender is committed to the custody of the Commissioner of Corrections. Such credit is limited to time spent in jails, workhouses, and regional correctional facilities.

Minn. Sent. Guidelines III.C.3. The district court credited appellant 30 days for the 30 days he worked for STS. The additional 30 days appellant now seeks as jail credit was not time spent in custody as required by the sentencing guidelines, but an additional credit created by STS for the purposes of that program.

The sentencing guidelines state that "[j]ail credit shall be awarded at the rate of one day for each day served." Minn. Sent. Guidelines III.C.4. The comment to this guideline further states that "each day or portion of a day in jail should be counted as one full day of credit." Minn. Sent. Guidelines cmt. III.C.05. Giving appellant two days of jail credit for one day he spent participating in STS would violate this principle.

Appellant contends that courts do not adhere to a literal interpretation of the rule one of day jail credit for one day in custody. He relies on *State v. Jackson*, 557 N.W.2d 552 (Minn.1996) (court awarded a full day of jail credit even though only a portion of the day was spent in custody). In *Jackson*, the supreme court followed the sentencing guidelines because the guidelines explicitly allow a full day of jail credit for a part of a day spent in custody. 557 N.W.2d at 553–54. There is no plausible support for appellant's argument that he should receive 30 days of additional jail credit when he did not spend even a part of that time in custody.

Appellant also argues the denial of jail credit violates the fundamental fairness doctrine of the Fourteenth Amendment because he was told that he would earn two days for each day in STS. He relies on *State v. Akers*, 636 N.W.2d 841 (Minn.App. 2001). In *Akers*, a county zoning office told appellant that he had until a certain date to clear unlicensed vehicles from his property. Before that date, police executed a search of appellant's property with a warrant based on the unlicensed cars. *Id.* at 842. We held that the search violated fundamental fairness because the state misled appellant about the consequences of keeping the vehicles on his property. *Id.* at 843–44. Appellant's reliance on *Akers* is misplaced. Here, appellant presents no evidence that the state told him that time

earned off his DWI sentence through STS would count as future jail credit on a different offense. As the district court correctly noted, appellant received the full benefit of the bargain because he was given 60 days off his DWI sentence. The district court did not violate fundamental fairness under the Fourteenth Amendment.

## DECISION

The district court correctly allowed appellant 216 days of jail credit.

**Affirmed.**