*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0559**

Lawrence David Crosno, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed January 11, 2016
Affirmed
Cleary, Chief Judge**

Ramsey County District Court
File No. 62-K2-04-003717

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica M. Surges, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Elizabeth Lamin, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Cleary, Chief Judge; Peterson, Judge; and Reilly, Judge.

UNPUBLISHED OPINION

**CLEARY**, Chief Judge

Appellant Lawrence Crosno argues that the district court erred by denying his motion for custody credit for time spent under civil commitment at the Anoka Metro Regional Treatment Center (AMRTC). Because appellant has not demonstrated that the AMRTC is the functional equivalent of a jail and that the time he spent there was a condition of his felony driving while impaired (DWI) probation, we affirm.

## FACTS

On November 23, 2004, appellant pleaded guilty to first-degree DWI—test refusal (three or more prior qualified impaired-driving incidents), in Ramsey County. On February 1, 2005, appellant was sentenced to 42 months in prison, stayed, and placed on probation for seven years. The probation conditions included that appellant serve 365 days in the workhouse, with 21 days custody credit, and that he follow his probation officer's directives regarding his chemical dependency issues.

During the time appellant was on probation for the Ramsey County DWI, Anoka County committed him as mentally ill and chemically dependent, and appellant was in and out of AMRTC. Appellant also violated his probation numerous times. Probation was continued after each violation so as not to interfere with his mental health services, and he received local jail time as a consequence. On September 16, 2010, appellant's probation was revoked after he admitted consuming alcohol and committing a new felony DWI—test refusal, in Cass County. At the revocation hearing, appellant argued that he should not go to prison based on his serious and persistent mental illness, citing Minn.

Stat. § 609.1055 (2010). Alternatively, appellant asked for credit for time he spent at AMRTC under civil commitment. The district court executed the 42-month sentence with 379 days of custody credit for time served in jail and in the workhouse. The district court gave the parties an opportunity to brief the issue of whether appellant was entitled to credit for time spent at AMRTC under the civil commitment.

After considering the parties' submissions, the district court denied credit for the time appellant was committed at AMRTC in a December 22, 2010 order. The order concluded that appellant "failed to produce any evidence that AMRTC is the 'functional equivalent' of a correctional facility," and that the brochure from AMRTC, which the state provided, "suggests that it is a hospital that lacks the restrictions of a correctional facility." The court also concluded that appellant "failed to produce any evidence that would suggest that his hospitalization at AMRTC was a condition of his criminal sentence or that it was intended for any purpose other than treatment."

Appellant subsequently filed motions to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9, seeking credit for 577 days he spent at AMRTC. This appeal is taken from the March 4, 2015 order denying appellant's motion to correct his sentence.

## DECISION

"The decision to award custody credit is not discretionary with the district court." *State v. Johnson*, 744 N.W.2d 376, 379 (Minn. 2008) (citing Minn. R. Crim. P. 27.03, subd. 4(B)). "'Awards of jail credit are governed by principles of fairness and equity and must be determined on a case-by-case basis.'" *State v. Arend*, 648 N.W.2d 746, 748 (Minn. App. 2002) (quoting *State v. Bradley*, 629 N.W.2d 462, 464 (Minn. App. 2001),

3

*review denied* (Minn. Aug. 15, 2001)). But custody credit has traditionally been limited to time spent in jails, workhouses, and regional correctional facilities. *Compare Arend*, 648 N.W.2d at 748 (citing Minn. Sent. Guidelines III.C.3. (2002)) *with* Minn. Sent. Guidelines cmt. 3.C.04 (2015) ("The Commission takes no position on the applicability of jail credit for time spent in other residential facilities, electronic monitoring, etc., and leaves it to the sentencing authority to determine whether jail credit should be granted in these situations.").

The "defendant bears the burden of establishing that [he] is entitled to jail credit." *State v. Garcia*, 683 N.W.2d 294, 297 (Minn. 2004). "A district court's decision whether to award credit is a mixed question of fact and law; the court must determine the circumstances of the custody the defendant seeks credit for, and then apply the rules to those circumstances." *Johnson*, 744 N.W.2d at 379. We review the district court's factual findings for clear error, but we review the interpretation of the rules of criminal procedure de novo. *Id.*

In the March 4, 2015 order denying credit for time spent at AMRTC, the district court considered "new documentation" regarding appellant's civil commitment. But the district court again rejected appellant's request for credit for time spent at AMRTC, concluding that his confinement was for treatment of his chemical dependency and psychological issues not punishment, that it was not a condition of his probation, and that it was not the result of a rule 20 examination. Additionally, the court concluded that the "hold" placed on appellant pending transfer to AMRTC was not a new condition of probation but was to "facilitate the civil commitment process."

4

In order to be entitled to jail credit for time spent in a residential treatment facility, appellant has the burden to establish that the residential treatment facility "imposes essentially the same limitations on a person's freedom as a jail, workhouse, or regional correctional facility." *Asfaha v. State*, 665 N.W.2d 523, 527 (Minn. 2003). The focus is on the "level of confinement and limitations imposed," rather than the label attached to a particular facility. *Id.* at 528. Appellant appears to rely on his own pro se motions as the authority that AMRTC is a closed and locked facility. The district court considered the brochure in the December 22, 2010 order and found AMRTC "lacks the restrictions of a correctional facility." In the March 4, 2015 order, the district court also concluded that appellant had failed to show that AMRTC was the functional equivalent of a correctional facility.

Appellant has the burden to demonstrate that he is entitled to credit for time at AMRTC. Based on the record, the district court's determination that AMRTC was not the functional equivalent of a jail, workhouse, or regional correctional facility was not error.

But even if appellant demonstrated that AMRTC is a secure treatment facility that is the functional equivalent of a jail, workhouse, or regional correctional facility, he is not entitled to credit unless he can demonstrate that the time he spent there was related to his DWI conviction. *See Johnson*, 744 N.W.2d at 380 (holding that criminal defendant is not entitled to custody credit for time spent in secure treatment facility when placement in facility is based on prior civil commitment and is unrelated to criminal charges for which he was sentenced); *see also Asfaha*, 665 N.W.2d at 527-28 (holding that criminal

defendant who, as a condition of probation, is required to complete treatment at a residential facility, is entitled to receive jail credit if the level of confinement and limitations imposed are the functional equivalent of a jail, workhouse, or regional correctional facility).

Appellant contends that the district court erred in finding that the commitment was unrelated to his DWI conviction. Appellant distinguishes *Johnson* on the grounds that, unlike that case, he was ordered to abide by the terms of his civil commitment as a condition of his continued DWI probation. The record does not support appellant's contention.

After his probation was revoked and the 42-month sentence executed in 2010, appellant submitted documents to the district court, along with a memorandum of law, showing the specific dates of his Anoka County commitment to AMRTC as mentally ill and chemically dependent. Appellant was originally committed as mentally ill and chemically dependent on August 10, 2006—approximately two years after the DWI conviction—and the commitment was continued to January 30, 2007. Appellant was recommitted on October 25, 2007 for 12 months, and recommitted again on October 7, 2008, for 12 months.

In the December 22, 2010 order denying credit for time spent at AMRTC, the district court reviewed the register of actions for the DWI and determined that appellant's hospitalizations at AMRTC were only related to his civil commitment and were not imposed as conditions of his DWI probation. In the March 4, 2015 order, the district court similarly determined that "the civil commitment proceedings in Anoka County

6

[were] unrelated to the crime for which Defendant was sentenced in this case." The record supports these determinations.

Commitment at AMRTC was not an original condition of appellant's felony DWI probation. The commitment came after appellant was sentenced and was imposed by a different county. And contrary to appellant's contention that commitment was made a condition of the probation violations, the record actually reflects that the district court was sensitive to appellant's mental health issues. The district court declined to impose additional jail consequences or execute appellant's sentence so as not to interfere with his treatment under the civil commitment, but did not make commitment a condition of probation.

For example, the record of the March 31, 2008 probation violation hearing reflects that the district court gave appellant credit for four days and returned him to probation on the original terms and conditions, with the additional condition that he "follow the requirements of the foster home," where he was residing under the terms of the civil commitment. At the probation violation hearing on March 10, 2009, the district court imposed 120 days in the workhouse as a consequence, instead of returning him to the traumatic brain injury program at the Courage Center, and directed appellant to abide by the case management team and treatment providers in connection with his civil commitment. And on July 21, 2009, the district court declined to send appellant to prison because appellant was also subject to a hold for revocation of his provisional discharge under the civil commitment. Although the district court ordered appellant held at the jail, this was to facilitate transfer to AMRTC when a bed became available.

7

Appellant's civil commitment was due, in part, to his continued use of alcohol, but appellant has not demonstrated that it was related to the Ramsey County DWI conviction. Appellant was not ordered to serve time at AMRTC as a condition of probation or as a consequence for violating probation. The record supports the district court's determination that the commitment was separate from the DWI and for the purposes of treatment. *See Johnson*, 744 N.W.2d at 380 (declining to grant credit where defendant was in secure treatment facility for purposes of treatment and not as condition of probation). Appellant has, therefore, failed to demonstrate that he is entitled to credit for time spent at AMRTC, even if that facility is the equivalent of a jail, workhouse, or correctional facility.

**Affirmed.**